## A. J. DOWNING *v.* IRVING STEPHENS.

1. SHERIFF'S SALE. *Notice by advertisement. Not sufficient. When.* Where a sheriff's return states that he had given due notice by the within advertisement, this does not impart notice to the owner in actual possession of land sold. Such sale is void.
2. SAME. *Same. · Sheriff's deed.* Recitals in a sheriff's deed are not evidence of matters done by former sheriff, which do not appear in his return.

Cases cited: 3 Yerg., 308; 6 Hum., 260.

Code cited: Sections 2,152 and 3,042, 2,145 to 2,148.

### FROM LINCOLN.

Appeal from the Circuit Court. WM. P. HICKERSON, Judge.

A. J. Downing *v.* Irving Stephens.

J. W. NEWMAN and E. COOPER for Downing.

BOYLES & BURNAM and KERCHEVAL for Stephens.

BURTON, Sp. J., delivered the opinion of the Court.

The action is ejectment for 31 acres of land, tried before the Hon. Wm. P. Hickerson by a jury of Lincoln County, at the March Term, 1870, of the Circuit Court of said county. The trial resulted in a verdict and judgment against the present plaintiff, and he has appealed in error to this Court.

It is argued in his behalf that, in reference to the facts disclosed on the trial, the instructions of the judge were erroneous and calculated to mislead the jury.

On the 2nd of October, 1865, John H. Steedman, the then sheriff of Lincoln County, sold the land under a *venditioni exponas* issued at the suit of the defendant in error, directing him to sell the land to satisfy a judgment against the plaintiff in error.

At this sale the appellee, Stephens, became the purchaser. Steedman, however, did not convey the land to Stephens, but on the 26th day of June, 1867, Wm. F. Taylor, his successor in the office of sheriff, did convey the land to Stephens.

The main defence relied on by the defendant below was, that he being in possession of the land at the time of the sale, the sheriff, Steedman, did not serve him with the written notice of the time and place of the sale of his land, as it was his duty to do. The only evidence upon this subject in the

record is contained in the return made by Steedman on the writ under which he sold the land and in the recitals of the deed made by his successor (Taylor).

Steedman, in his return, says: "I this day, after having given due notice by *written advertisement,* as required by law, proceeded to offer said land for sale, etc." Taylor, in his deed, recites that Steedman, "*after proceeding as the law directs, sold, etc.*"

His Honor, after properly instructing the jury that a sale without the notice required would be absolutely void, proceeds as follows: "But inasmuch as the law makes it the duty of the officer in such cases (where the defendant is in possession of the land), to give such notice, and as such officer acting under oath, the presumption of law is, when the officer recites in his deed that he had proceeded as the law directs, that he had given such notice."

If in the case in hand the *sale* and *conveyance* had been made by the same sheriff, the recital that he had proceeded as the law directs, "might be taken" as equivalent to the statement that he had given the proper notice. But there is no presumption, either of law or in fact, that Taylor had personal knowledge of what his predecessor (Steedman) had done about the sale, and his recital that the law had been complied with are based upon the record of the proceedings in the cause. And when we turn to the official statement of Steedman, we find that he recites that he sold after giving "due notice by written advertisement, as required by law."

It is argued on behalf of appellant, that this recital refers to the advertisement of sale required by §§ 2,145, 2,148 of the Code, and not to the notice required by § 3,042. And we can not doubt that this is the natural construction to be put upon this return, notwithstanding the ambiguous use of the term, " due notice."

The advertisement of the sale, and the service of the defendant in possession with written notice of it, are two very different things, as is also the consequence of omitting to do the one or the other. The Legislature has provided that the failure to advertise shall not render the sale either void or voidable, while it is as distinctly provided that a sale without notice to the defendant in possession is *void.* Code, §§ 2,152, 3,042.

We are aware that the ruling of this Court has been that the burthen of proving a want of notice is on the defendant, who avers it. But this principle has been announced in cases when the deed of the sheriff recited that he had advertised and given notice according to law. 3 Yer., 308; 6 Hum., 260. Upon this principle the *prima facie* evidence of notice afforded by the recital of the sheriff's deed ought to exist when the sale, which is an important link in the plaintiff's title, is void without the notice. And in the absence of this *prima facie* evidence, we are of opinion that a plaintiff, relying upon a sheriff's sale, must adduce evidence that the sale is not void for want of notice to the debtor in

possession.    The result is that a new trial must be awarded when the question of notice, which is not a matter of record, but is matter resting in *pais* may be passed upon by a jury, under such evidence as the parties may adduce.

Let the judgment be reversed and the cause remanded for a new trial.