Lemons v. Wilson.

WM. LEMONS v. A. H. WILSON.

1. SHERIFF'S DEED. *Discrepancy between and recitals of record. Parol proof. When not admissable to correct.* A sheriff's deed recites that a justice's execution issued November 21, 1858, and levied upon land December 9th following, was based on a similar execution from another (McMinn) county, issued November 15, 1859, and certified April 27, 1860; also recites the condemnation, order, and sale of the land, and the return of the *venditioni exponas* unsatisfied, because of the exhaustion of the proceeds of sale in satisfaction of previous levies; also the issuance and levy of another execution upon the land in controversy, and its sale and purchase thereunder by plaintiff, the claimant under the deed aforesaid. These recitals agree with those in the transcript of the proceedings in the Circuit Court, under which the land was condemned and sold, except as to the date of the issuance and levy of the first execution, the transcript showing it was issued May 9, 1860, and levied the day following: *Held,* the discrepancy between the deed and transcript with respect to these recitals could not be corrected by parol proof.

2. SAME. *Practice. Justice's execution from another county.* The execution from McMinn county not having been certified for transmission within thirty days from its issuance, was a nullity.

3. SAME. *When void.* As the deed under which plaintiff claims shows the subsequent proceedings to have been based on this execution, and the new execution upon which the condemnation was predicated to have been issued and levied after the issuance of the McMinn county execution but five months before its certification, said deed communicated no such title to the plaintiff as to justify recovery in ejectment.

FROM POLK.

From the Circuit Court at Benton. JOHN B. HOYL, Judge.

BLIZAD and BRADFORD and Q. G. STEWARD for plaintiffs in error.

J. N. AIKEN for defendant in error.

NICHOLSON, C. J., delivered the opinion of the court.

This is an action of ejectment for a tract of land in Polk county, brought by Wilson against Lemons. Wilson relied for title on a sheriff's deed, which was executed to him as the purchaser of the land in controversy at a sale thereof as the property of Lemons. In this deed it is recited that Weir and Lafferty received judgment against Lemons on the 5th of December, 1857, before a justice of the peace of McMinn county; that on the 15th of November, 1859, a successor of the said justice issued an *alias* execution, which was certified by the County Court Clerk of McMinn, on the 27th of April, 1860; that on the 21st of November, 1859, a justice of the peace of Polk county issued an execution thereon, which was levied on a tract of land of Lemons—not the one in controversy on the 9th of December, 1859—returned to the January Term, 1861, of the Circuit Court, condemned for sale at that time, and order of sale issued on the 24th of March, 1861, and sale made on the 20th of May, 1861; but that the amount bid at the sale was exhausted in satisfying prior executions, and the *venditioni exponas* returned to the Circuit Court for further satisfaction; that execution issued in 1868 from the Circuit Court, which was levied on the land in controversy, and at the sale Wilson became the purchaser.

In support of his title, as evidenced by the sheriff's deed, Wilson read to the jury the transcript of the proceedings for condemnation of the first-named tract

of land, together with the execution from McMinn county, with the clerk's certificate, and the execution by the justices of Polk county; but from this transcript it appears that the execution by the Polk county justice of the peace was issued on the 9th of May, 1860, instead of on the 21st of November, 1859, as recited in the sheriff's deed, and that said execution was levied on the 10th of May, 1860, instead of on the 9th of December, 1859, as recited in the sheriff's deed. The dates of condemnation and of sale are the same as in the deed.

The defendant introduced and read executions from the McMinn justice of the peace, certified by the County Court Clerk of McMinn on the 27th of April, 1860, about five months after the issue of the execution, and from the Polk county justice of the peace. These two executions correspond in every respect with those recited and described in the sheriff's deed, but differ, as already shown, from those in the transcript, on which the land was condemned.

Upon this state of facts two questions are raised:

1. Were the executions issued by the justice of the peace of McMinn county on the 15th of November, 1859, *junctus officio*, on the 27th of April, 1860, when certified by the County Court Clerk, and on the 9th of May, 1860, when the Polk county justice issued another thereon?

The Circuit Judge held that the general law, requiring executions to be returned within thirty days, did not apply to executions sent to other counties, to be there made the basis of other executions.

10—VOL. 6.

In this we think he held correctly. The execution sent to another county is there to become the basis of proceedings by a justice of the county to which it is sent, and must become one of the records of his court. Of course, then, it could not have been intended that it should be returned in thirty days to the county from which it was sent. But it does not follow that it is not necessary that the execution should be certified for transmission to another county before the expiration of the thirty days within which, by the general laws, it is returnable. On the contrary, we hold an execution certified after the expiration of thirty days is invalid for any purpose, and that the holding of the Circuit Judge to the contrary was erroneous.

2. Was the discrepancy between the dates of the execution recited and described in the sheriff's deed, and those contained in the record of the Circuit Court condemning the land, fatal to the title of the plaintiff? On this question the Circuit Judge told the jury:

"You have heard read the sheriff's deed, and the proceedings introduced to support it, and if, from the whole of them, you are satisfied that the dates in the deed, when not conforming to the original papers, are mistakes of the draftsman, and that the land now in dispute is the same land levied on, and sold, and conveyed, a mere mistake of dates would not invalidate the deed."

We have seen that the land was condemned on execution dated the 9th of May, 1860, and levied the 10th of May, 1860. We have seen also that the deed

recites that the condemnation was on execution dated November 15, 1859, and levied December 9, 1859. We have seen further that such executions did issue and were levied at those dates. But these executions were invalid because the McMinn county executions on which they issued were not then certified, but were certified five months afterwards. The deed, therefore, purports to be based in its recitals on void executions and void levies. We think it clear that so material a discrepancy as this could not be left to be corrected by the conclusions the jury might draw from the proceedings in the case. Parol proof could not be heard to correct a mistake of so important a character in a deed. It was essential that the sheriff's deed should show that the land was sold by virtue of an execution which issued upon a subsisting valid judgment. In attempting to do this the sheriff shows that the order of condemnation, which was the foundation of the execution on which he sold, was invalid, if the recitals in his deed were true. He shows that the order of condemnation rested on executions which were issued by a justice of the peace, based on other executions from another county, which, at the time of the issue and levy of the new executions, were not certified as the law requires. It is an obvious mistake, but not such as could be corrected in the manner pointed out by the Circuit Judge.

We are, therefore, of opinion that the charge on the subject was erroneous, and that the judgment must be reversed.