ISAAC N. BYERS AND WIFE *v.* A. C. WHEATLEY, Administrator, etc., *et als.*

SHERIFF'S DEED. *Evidence cannot supply defects. When.* A Sheriff's deed must assume everything to make a valid title, and if it fails to assume the existence of a judgment, execution and levy, it is fatally defective; it will not be sufficient to show that in fact there was a judgment, execution and levy, their existence must be assumed in the deed, and when produced they must correspond with the recitals of the deed.

Cases cited: Morgan *v.* Hannah, 11 Hum., 122; Duncan *v.* Gibbs, 1 Yerg., 260.

---

FROM MAURY.

---

Appeal from the Chancery Court. J. C. WALKER, Chancellor.

W. S. RAINEY for Byers.

L. D. MYERS for Wheatley.

McFARLAND, J., delivered the opinion of the Court.

Samuel Wheatley died in Maury County, in the year 1867. A. C. Wheatley, administrator of his estate, was proceeding to have a sale of his land, being a tract on which decedent lived to his death, for the purpose of paying debts, and had obtained a decree for that purpose. The present bill was thereupon filed by J. N. Byers and Wife, who claim that they have

a title to the land, and ask to have the sale by the administrator enjoined. They say their title is founded upon a Sheriff's sale of the land, under a judgment against Wheatley and others, in favor of the Bank of Tennessee; that the land was sold and bought by the bank; that successive creditors redeemed and placed their judgments upon the land, until it came to N. M. Byers, to whom the Sheriff executed a deed. The said N. M. Byers conveyed to the plaintiffs. The sale and the first redemptions are stated to have been made in the life-time of said Wheatley, the other redemptions and the deeds are dated after his death.

The administrator and heirs deny the validity of the complainants' title, and insist, if the title is valid, a parol agreement had been made extending the time of redemption, converting the deed into a mortgage as a security for the money paid. To enforce this a cross-bill was filed.

The complainants answered, denying the allegations of the cross-bill. The complainants stand in the attitude of plaintiffs in ejectment. They must stand upon their legal title. That title rests upon a Sheriff's deed. The Sheriff, in selling and conveying land under process, acts under a mere naked power. The foundation of the title is the judgment, execution, levy and sale. If either of these requisites be wanting, there can be no title, and when all these exist, still the title does not vest without a deed duly executed by the Sheriff. *Morgan* v. *Hannah,* 11 Hum., 122.

The complainants file a Sheriff's deed in this case.

11—vol. 3.

It recites the sale of the land, its purchase, the successive redemptions, and transfer of the bid, until it was finally transferred to N. M. Byers, to whom the deed is made; but it does not recite that there was any judgment, execution, or levy upon the land, unless it may be inferred from the following language: "Whereas, on the 17th day of December, 1868, (probably meaning 1866,) the Bank of Tennessee, at a sale of a tract of land sold by the Sheriff of Maury County, belonging to Samuel Wheatley, containing two hundred and ninety acres, more or less, and purchased by the Bank of Tennessee, at the sum of $135 50." The deed then sets forth the various redemptions.

There is nothing in this to show that the land was sold under judgment, execution and levy, and it is manifest, that if the title is confined to the recitals of the deed, it is wholly defective.

Can the requisites of a Sheriff's deed be supplied by the production of the records outside of the recitals of the deed? As we have seen, although the record may be perfect, still a Sheriff's deed is absolutely essential, and, except in special cases, the recitals of the deed must be supported by the production of the judgment, execution, levy, etc., and if, upon the production of these, there be a material variance between the record recited in the deed and the one produced in evidence, or if the judgment appear to be void, it would be fatal to the title. 1 Yer., 260.

If the conveyance be to a person other than the purchaser, it must appear by the recital of the deed to

have been made upon the authority of the purchaser, otherwise it is void.    11 Hum., 122.

From this it would follow that the deed must assume everything necessary to make a valid title, and as the present deed does not assume the existence of a judgment, execution and levy, it is fatally defective.    It would be no answer to this to show that in fact there was a judgment, execution and levy.    Their existence must be assumed in the deed, and when produced, they must correspond with the recitals of the deed.

In the present case, no such judgment or execution were produced, but the defendants, in their answer, say they suppose there was a judgment and execution, but the answer does not admit a valid sale or deed, and the complainants must, therefore, support or make out their title.

The complainants, standing, as they do, upon a legal title, have failed to make it out, as we think.

The complainant, Isaac N. Byers, in the progress of the cause, files what he styles a petition, which he prays may be taken as an amended bill.    In this he sets up title in himself, under the deed of a tax collector.

Various questions are made as to the validity of this deed.    We think these two claims inconsistent, and cannot be set up in a bill and amended bill.

In the original bill it is alleged that the title to the land is in the complainants, Louisa Byers and Isaac N. Byers, jointly, under the deed they produce.

In the so-called amended bill, Isaac N. Byers is the

complainant alone, and claims title to himself alone, under his tax deed. He does not claim to hold this title for their joint benefit—his wife is not a party, either complainant or defendant to the amended bill. This claim is inconsistent with her rights under the original bill.

We think the Chancellor's decree dismissing the bills is correct, and also in allowing complainants to stand as creditors for the amounts paid by them in redemption.

Affirmed with costs.