L. C. HILL *et al. v.* J. L. MOORE *et al.*

(*Knoxville.*        September Term, 1908.)

**JUDICIAL SALES.** Recitals in deed of clerk and master show-
ing prima facie authority to make it, without production of
record.

Under our statute (Acts 1907, ch. 334), a clerk and master's
deed of conveyance of land, even where made before the enact-
ment of such statute, reciting that by a decree of the chancery
court at a certain place, of which court he was the clerk and
master, rendered at a specified term in a specified cause and
entered at a specified page, the clerk and master of said
court on a certain date sold at public auction the land, there-
inafter described and conveyed, to the grantee for a specified
sum, as appears from the clerk and master's report, and further
reciting that said sum had been paid as required by the decree
of said court confirming the report, shows *prima facie* the
clerk's authority to make the deed, and requires any one ques-
tioning such authority to file a copy of the record to over-
turn the *prima facie* case made by the deed.

Acts cited and construed:  Acts 1907, ch. 334.

Case cited:  Castleman v. Land Co., 1 Tenn. Chy. App., 9, 12, 13.

FROM JEFFERSON.

Appeal from the Chancery Court of Jefferson County.
—HAL. H. HAYNES, Chancellor.

SWAN & CAWOOD, for complainants.

C. T. RANKIN, for defendants.

MR. JUSTICE NEIL delivered the opinion of the Court.

This action was brought in the chancery court of Jefferson county to recover a part of a 15-acre tract of land described in the pleadings. The complainant deraigned a complete title from the State. The defendants, however, insist that one link in the chain of title, consisting of a clerk and master's deed, is defective, because that deed is not supported by the record of the cause in which the land was sold; hence that, within the rule laid down in *Castleman* v. *Land Co.*, 1 Tenn. Ch. App., 9, 12, 13, the complainants cannot recover. The case stated does fall within the authority cited, and the point would be fatal to the recovery, but for the fact that the rule referred to is met by Acts 1907, p. 1131, c. 334. This act reads as follows:

"Section 1. Be it enacted," etc., "that all instruments of conveyance executed in official capacity by any public officer of this State, or by any person occupying a position of trust or acting in fiduciary relation shall be admitted, held and construed in and by the courts of this State as *prima facie* evidence of the facts in such instruments recited in so far as such facts relate to the execution of the power of such office or trust.

"Sec. 2. Be it further enacted, that all such instruments now of record shall be admitted, held, and construed in accordance with section 1 of this act; provided, further, this act shall not apply to any pending litigation."

The deed referred to, so far as necessary to be quoted, reads as follows:

"This indenture, made this the 21st day of January, A. D., 1902, between G. W. Holtsinger, clerk and master of the chancery court at Dandridge, for Jefferson county, Tennessee, of the first part, and J. H. Ferguson, of Jefferson county, State of Tennessee, of the second part, witnesseth that by a decree of said court, rendered at the May term, 1899, in the cause of *J. H. Carey, Adm'r, et al., complainants,* v. *J. L. Kirby et al., defendants,* and entered on page 567 of Minute Book 11, the said clerk and master did, on the 14th day of November, 1899, sell at public auction the real estate hereinafter described to the said J. H. Ferguson, for $1,211.85, as appears from the report of said clerk and master, made in said cause to the November term, 1899, and entered on page 37 of Minute Book 12, the said J. H. Ferguson having paid said sum of $1,211.85 as required by the decree of said court, confirming said report: Now, therefore, in order to carry into effect said sale, in pursuance of said decree, and in consideration of the sum of $2 paid to the clerk and master, the receipt of which is hereby acknowledged, the said G. W. Holtsinger, as such clerk and master, doth hereby transfer and convey to the said J. H. Ferguson, and to his heirs and assigns, forever, said tract or parcel of land"—describing the land.

From these recitals the court would presume, under the statute referred to, that the court that ordered the

*Hill v. Moore.*

land sold had jurisdiction of the parties and subject-matter, and, in short, that the clerk acted under due authority in making the deed. Under the statute referred to the burden would rest upon any one questioning such authority to file a copy of the record to overturn the *prima facie* case made by the deed.

Other errors assigned have been examined and overruled orally. They need not be referred to in this opinion.

The chancellor committed no error in decreeing the land to the complainants, and his decree is affirmed, with costs.