YORK & ROBINSON *v.* BYARS *et al.*

(*Nashville.*  December Term, 1914.)

**1. EXECUTION.  Limitation of actions.  Setting aside sale.**

Where, though land worth more than $1,000 was sold under execution without setting apart the homestead as required by law, the execution debtor lived for thirteen years thereafter, and brought no suit to avoid the sale for this irregularity, the irregularity was not available to his heirs in ejectment by a party claiming under the sale, and a cross-action to set aside the sale was barred by Shannon's Code, sec. 4473, providing that actions not expressly provided for shall be brought within ten years.  (*Post, pp.* 40, 41.)

Code cited and construed:  Sec. 4473 (S.).

Case cited and approved:  Delk v. Yelton, 103 Tenn., 476.

**2. EXECUTION.  Sheriff's deed as prima facie evidence of facts recited.**

Under Acts 1901, ch. 145, secs. 1, 2, providing that deeds by a sheriff to land sold by a former sheriff shall be *prima facie* evidence of the truth of all statements and recitals contained therein, such a sheriff's deed, reciting that such notice was given, was *prima facie* evidence that notice was given under Shannon's Code, sec. 4770, providing, relative to execution sales, that if the defendant is in actual possession and occupation, the officer having the execution shall, at lease twenty days before the sale, serve notice of the levy of the execution and the time and place of sale.  (*Post, pp.* 41-43.)

Code cited and construed:  Sec. 4770 (S.).

Acts cited and construed:  Acts 1901, ch. 145; Acts 1907, ch. 334.

Cases cited and approved:  Camp v. Riddle, 128 Tenn., 294; Hill v. Moore, 121 Tenn., 182; Farquhar v. Toney, 24 Tenn., 502.

York & Robinson v. Byars.

3. **EXECUTION. Sale. Selling different parcels in one body.**

Where an execution debtor owned three small tracts of land acquired from different persons by different deeds which were separately fenced and separated from each other by roads, and each of which had upon it a dwelling house and other buildings, and was occupied by a different person, the sale of the three tracts in one body under an execution was void. (*Post, pp.* 43-46.)

Cases cited and approved: Winters & Cross v. Burford, 46 Tenn., 328; Mays v. Wherry, 61 Tenn., 133; Cook, Settle & Co. v. Walters, 70 Tenn., 116; Ballard v. Scruggs, 90 Tenn., 585.

Cases cited and distinguished: Stephens v. Taylor, 74 Tenn., 307; Prigmore v. Shelton, 77 Tenn., 563; Brien v. Robinson, 102 Tenn., 157.

FROM WARREN.

Appeal from the Chancery Court of Warren County. —T. M. McCONNELL, Chancellor.

SMARTT & TURNER, for appellants.

JNO. L. WILLIS, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This was an ejectment bill filed to recover what is alleged to be 110 acres of land. The complainants' claim of title is based on two judgments against D. W. Byars, an ancestor of the defendants, executions issued thereon, condemnation proceedings in the circuit court

of Warren county, orders of sale issued thereunder, returns of the sheriff showing sale, and a sheriff's deed.

Three defenses were interposed by answer and by cross-bill, and it was sought by the cross-bill to set aside the sale because of matters based on the first defense, which we shall now state.

1. It is insisted that the land when levied on and sold was worth more than $1,000, and that, inasmuch as the sheriff did not set apart the homestead, as the law requires, the sale was voidable on the principle laid down in the case of *Delk* v. *Yelton,* 103 Tenn., 476, 53 S. W., 729. To this it was replied by the complainants that the land was worth not exceeding $1,000, and if this was not true the cross-complainants have delayed their action too long, and are barred both by laches, and by the ten-year statute of limitations (Shannon's Code, sec. 4473). It is doubtful, under the evidence, whether the land was worth any more than $1,000 at the time it was levied on and sold; but we shall assume that it was worth more than that sum. It appears from the record that D. W. Byars lived about thirteen years after the sale, and died without bringing any suit to avoid the sale for the irregularity mentioned. We are of the opinion that he delayed too long, and that his heirs could not remedy his laches. A delay of more than ten years would result in a bar of the judgment on which the levy was based, and it would be inequitable to permit the defendant in an execution to lie by for so long a time, and then to avoid a sale which was, so far as the result depends

on this mistake of the sheriff, only voidable, and not void. Moreover, we are of the opinion that the cross-action to set aside the sale for this omission is barred by the statute of limitations pleaded, which declares that all cases not expressly provided for shall be barred within ten years after the cause of action accrues.

2. It is insisted that the twenty days' personal written notice required by Shannon's Code, sec. 4770, was not given, and for this reason the sale was void. That section reads as follows:

"If the defendant is in actual possession and occupation of the land levied on, the officer having the execution shall, at least twenty days previous to such sale, serve the defendant with written notice, stating that the execution is levied on said land, and mentioning the time and place of sale; and sales made without the notice required in this section are void."

D. W. Byars was living on the land in question, or at least on a part of it, and was entitled to the notice provided by the section which we have just reproduced. The return on the order of sale does not show that notice was given. The evidence of the sheriff who made the sale was taken, and he testified that he had no independent memory of the matter, but that his custom was to give the notice required, and that he feels sure he must have done so in the present instance. The testimony of Mr. W. V. Whitson was also taken. He says that he wrote the sheriff's deed reciting notice, and, while he cannot recall the fact of having seen any notice, yet he remembers that he investigated the

matter carefully at the time, and thinks there must have been a notice.

There is no other evidence on the point except that the sheriff's deed recites that the required notice was given. The sheriff's deed, however, was not that of the officer who made the sale, but the deed of a successor in office. Here the Acts of 1901, ch. 145, is applicable. The first section of this act reads:

"That section 3058 of the Code of Tennessee of 1858, be and hereby is amended so as to read as follows: That any sheriff, coroner or tax collector in office may execute deeds for lands sold by a former sheriff, coroner or tax collector, which deeds shall be valid as if executed by such former officer; and such deed shall be *prima facie* evidence of the truth of all the statements and recitals contained in said deed."

The second section reads:

"That all such deeds heretofore executed by any successor of such sheriff, coroner, or tax collector, shall be as valid as if executed by such former officer, and shall be *prima facie* evidence of the truth of all the statements and recitals contained in such deeds; provided, that this act shall not apply to pending litigation."

Laying out of view altogether the testimony of the former sheriff, and of Mr. Whitson, as being unnecessary for the determination of the case, we are of the opinion that this act makes the recitals in the sheriff's deed concerning the giving of notice *prima facie* evidence that notice was given, as required by law. An

act containing similar provisions (chapter 334, Acts of 1907) has been heretofore recognized and applied in the same way. *Camp* v. *Riddle,* 128 Tenn., 294, 160 S. W., 844; *Hill* v. *Moore,* 121 Tenn., 182, 113 S. W., 788.

There being no other evidence, we must hold that the notice was given.

In view of the fact, however, that it appears there were three tracts instead of one, and D. W. Byars was living on what is known as the Miller tract, the complainant concedes that the twenty days' personal notice could apply only to that, and insists that it would be, at all events, good as to that particular tract. *Farquhar* v. *Toney,* 5 Humph. (24 Tenn.), 502. The case cited in principle appears to sustain the point made. However, in view of the third contention of the defendants now to be stated, it seems this point is immaterial.

3. It is insisted by the defendants that there were three tracts, and that, inasmuch as the sale of the three tracts was made at one time as one body of land, it was void, as being a fraud on the equity of redemption of the debtor.

The facts upon this branch of the case are as follows: D. W. Byars owned three small tracts of land; one known as the Miller tract; another as the Nichols tract; and the third as the Hill tract. At the time of the levy and sale each of these had upon it a dwelling house, with garden and well, also a barn, crib, and outhouses. The Miller tract was occupied by D. W. Byars himself; the Nichols tract by his son; the Hill

tract by a tenant. The Nichols tract was separated from the Miller tract by a public road, but the line of each of these tracts extended to the center of the road. The Nichols tract lay south of the Miller tract, and the Hill tract lay west of the Nichols tract, separated from it by a road. Each of the three tracts was fenced separately from the other. All were held by D. W. Byars under separate deeds made at different times and obtained from different persons. Under these facts we are of the opinion that these tracts were separate and distinct holdings, and so used, and that they could not be lawfully sold as one tract, and, having been so sold, the sale was void. We have several cases on this subject, containing various applications of the general principle according to the varying facts appearing in each. These cases are *Winters & Cross* v. *Burford*, 6 Cold. (46 Tenn.), 328; *Mays* v. *Wherry*, 2 Bax. (61 Tenn.), 133; *Cook, Settle & Co.* v. *Walters*, 2 Lea (70 Tenn.), 116; *Stephens* v. *Taylor*, 6 Lea (74 Tenn.), 307; *Prigmore* v. *Shelton*, 9 Lea (77 Tenn.), 563; *Brien* v. *Robinson*, 102 Tenn., 157, 175 et seq., 52 S. W., 802. And see, also, *Ballard* v. *Scruggs*, 90 Tenn., 585, 18 S. W., 259, 25 Am. St. Rep., 703.

In all of the cases, except *Stephens* v. *Taylor*, it clearly appears that the land sold consisted of separate and distinct parcels, lots, or tracts. In *Stephens* v. *Taylor*, however, this fact did not appear. The trial judge in that case had charged:

"If a part of two tracts is levied on by execution, it is the duty of the sheriff to sell said land separately,

so that the debtor might redeem one if he sees proper without having to redeem all; and a sale of both tracts together would be a fraud on the debtor's right of redemption, and would communicate no title to the purchaser.''

The court said that this part of the charge given, as it was, without qualification, was erroneous. Continuing:

''He should have said parts of two tracts not lying contiguous, for, though the parts might have originally belonged to two different owners, yet, if they now belong to one and lie side by side, and constitute one body of land, the sale of the whole together would not be void nor a fraud on anybody. There was nothing to show that such parts, if, indeed, the land had ever belonged in parcels to different owners, did not lie adjoining to each and form one body. The levy so treats the matter, and the proof does not contradict it, though there was proof tending to show that parcels of the land had belonged to different owners, but not that one part was separated from another.''

In *Prigmore* v. *Shelton* it was mentioned as an important circumstance that the land sold consisted of separate and independent tracts, not connected with each other, and treated by the owner as making one body. In *Brien* v. *Robinson* it appeared that before Robinson became the owner of the two lots levied on they had been treated and occupied by the owner as one lot, lying side by side, but that when Robinson became the owner he treated the two lots as separate,

each having a house on it, and in each house a tenant. Being so treated at the time of the levy, it was held that for the purpose of levy and sale they were different and distinct lots, and that a sale of the two as one lot was void. There can be no doubt that under the facts of the present case the sale of the three tracts as one was void.

Another point is made by defendants which need, however, be only mentioned without discussion. This is based on a proposition laid down in Brien v. Robinson, to the effect that, where the judgment creditor becomes a purchaser of land under a levy made at his instance on a greatly excessive amount of property, a court of equity will not aid him in getting possession of the land. In that case the judgment was for $750, and the property levied on and sold was worth from $3,000 to $4,000. Without expressing either approval or disapproval of the principle stated, we think it does not apply in the present case, because we think it is extremely doubtful whether there was an excessive levy, in view of the homestead incumbrance.

It is proper to note that the defendants offered into court the full amount of the complainants' debt and costs, and, while this could have no bearing upon the merits of the controversy which we have just decided, we deem the act a commendable one, and, while affirming the judgment of the chancellor, we remand the case to that court, to the end that the money may be paid to the complainants, after reserving therefrom any costs that may be due. The costs of the cause will be taxed to the complainants.