ANN SILER *et al.* ARCHIE SILER *et al.*[*]

(*Knoxville.* September Term, 1925.)

1. **EXECUTION.** Recital of notice to one in actual possession in sheriff's deed held to make out prima-facie case that notice was given.

In sheriff's deed, recital that twenty days' notice required by Shannon's Code, section 4770, was given to one in actual possession, makes out *prima-facie* case for one relying on deed, and shifts burden of proof to party questioning its correctness. (*Post, p.* 386.)

Acts cited and construed: Acts 1799, ch. 14.

Cases cited and approved: Rogers v. Jennings' Lessee, 11 Tenn., 308; Loyd v. Anglin's Lessee, 15 Tenn., 428; Simmons v. McKissick, 25 Tenn., 260; Bashaw v. Blakemore Adm'r., 1 Tenn. Rep., 348.

Cases cited and distinguished: Burnett v. Austin, 78 Tenn., 566;

(379)

Siler v. Siler.

Downing v. Stephens, 60 Tenn., 457; Simmons v. McKissick, 25 Tenn., 259; Swainson v. Scott, 111 Tenn., 143.

Code cited and construed: Secs. 3042, 4770 (S.).

2. **EVIDENCE.** Presumption that officer does duty held to establish that sheriff gave statutory notice to party in possession of land before selling it.

In ejectment, where sheriff's deed relied on was silent as to twenty days' notice to party in actual possession, required by Shannon's Code, section 4770, presumption that every officer does his duty establishes point involved, and shifts burden of proof to party questioning correctness of deed. (*Post, p.* 386.)

3. **EVIDENCE.** ''Presumption'' is a substitute for evidence.

A presumption is a substitute for evidence. (*Post, p.* 386.)

4. **EXECUTION.** Recital in sheriff's deed is substitute for evidence.

Recital in sheriff's deed, contrary to rule with respect to deeds generally, is substitute for evidence. (*Post, p.* 386.)

5. **EVIDENCE.** Sheriff's deed, not reciting twenty days' notice to person in actual possession, held not to affect presumption as to his compliance with statute.

Where sheriff's deed recited judgment, issuance, and levy of execution, condemnation and sale of land, all matters which law required to be recorded, failure to recite therein twenty days' notice to person in actual possession, required by Shannon's Code, section 4770, does not affect presumption that he did everything which statute required to render deed valid. (*Post, pp.* 386, 887.)

6. **EXECUTION.** Purchaser relying on sheriff's deed must show those things which law requires to be recorded, and all other matters will be presumed.

Purchaser relying on sheriff's deed must show those things which law requires to be recorded, and all other matters will be presumed. (*Post, pp.* 387-389.)

Siler v. Siler.

Cases cited and distinguished: Barry's Lessee v. Rhea, 1 Tenn., 348; Nelson v. Allen & Harris, 9 Tenn., 367.

*Headnote 1. Executions, 23 C. J., Section 784; 2. Evidence, 22 C. J., Section 69; 3. Evidence, 22 C. J., Section 25; 4. Executions, 23 C. J., Section 784; 5. Evidence, 22 C. J., Section 22; 6. Executions, 23 C. J., Section 641.

FROM LOUDON.

Appeal from the Chancery Court of Loudon County.— Hon. Jas. H. Wallace, Chancellor.

S. P. Daniel, for appellants.

J. E. Cassady, John J. Blair and L. D. Smith, for defendants.

Mr. Justice McKinney delivered the opinion of the Court.

The question for decision is this: Is a sheriff's deed void, or merely voidable, when it is offered, as in an ejectment suit, as a muniment of title, when said deed contains no recital that twenty days' notice had been given to the party in actual possession of the land when levied upon and sold, and where the record of the proceedings under which the land was thus levied upon and sold is silent on the question of notice, and where there is no proof that such notice was actually given; it being conceded that the land was being occupied by the owner when levied upon?

This is an ejectment suit. Cross-complainant intro-
duced a sheriff's deed, executed thirty years ago, as a
link in her chain of title, which was objected to on the
ground that it contained no recital that the statutory
twenty days' notice was given to the owner, who, it is
conceded, was in actual possession of the land at the
time it was levied upon and sold.

The chancellor admitted the deed in evidence upon the
presumption that the sheriff did his duty and gave the
notice.

Upon appeal the decree of the chancellor was affirmed
by the court of appeals.

The statute requiring such notice is referred to as the
Acts of 1799, is found in Shannon's Annotated Code at
section 4770, and is as follows: "If the defendant is
in actual possession and occupation of the land levied on,
the officer having the execution shall, at least twenty days
previous to such sale, serve the defendant with written
notice, stating that the execution is levied on said land,
and mentioning the time and place of sale; and sales
made without the notice required in this section are void."

. In 22 Corpus Juris, 130, it is said: "There is always
a presumption that official acts or duties have been prop-
erly performed, and in general it is to be presumed that
everything done by an officer in connection with the per-
formance of an official act in the line of his duty was legal
ly done, whether prior to the act, such as giving notice, or
determining the existence of conditions prescribed as a
prerequisite to legal action, or subsequent to such act."

The text is supported by decisions from the supreme
court of the United States, and from practically all of
the State courts.

A case exactly in point is that of *Burnett* v. *Austin,* 10 Lea, 566, in which this court said: "Under section 3042 of the Code, where the defendant is in actual possession and occupation of the land levied on, the officer having the execution is required, at least twenty days previous to the sale, to serve the defendant with written notice, stating that the execution is levied on said land, and men tioning the time and place of sale; and sales made without said notice, are void.

"The recital of the fact of service of notice in the return, or in the sheriff's deed, is *prima-facie* evidence that the notice was given, but subject to rebuttal by proof, notwithstanding the rule that parol evidence is not admissible to contradict a deed. *Rogers* v. *Jennings' Lessee,* 3 Yerg., 308; *Loyd* v. *Anglin's Lessee,* 7 Yerg., 428, and cases since decided. But the sheriff's return does not appear in the record, and his deed, and the proof, is silent as to the fact of service of the required notice. But it is a familiar principle, that every sworn officer is presumed to have done his duty. *Rogers* v. *Jennings' Lessee,* 3 Yerg., 308, and an unbroken line of decisions since.

"And the plaintiff, presenting the sheriff's deed, with the aid of this presumption, made out a *prima-facie* case in his favor, and it was error in his Honor, the circuit judge, to give judgment for the defendant."

The only case to the contrary to which we have been referred is that of *Downing* v. *Stephens,* 1 Baxt., 457, in which the court held that recitals in a sheriff's deed are not evidence of matters done by a former sheriff, which do not appear in his return, and reversed the case be cause the plaintiff (purchaser) had not shown that the

sheriff gave the defendant the required notice. The court said:

We are aware that the ruling of this court has been that the burden of proving a want of notice is on the defendant who avers it. But this principle has been announced in cases when the deed of the sheriff recited that he had advertised and given notice according to law. *Rogers* v. *Jennings' Lessee,* 3 Yerg., 308; *Simmons* v. *McKissick,* 6 Humph., 260. Upon this principle the *prima-facie* evidence of notice afforded by the recital of the sheriff's deed ought to exist when the sale, which is an important link in the plaintiff's title, is void without the notice. And in the absence of this *prima-facie* evidence, we are of opinion that a plaintiff, relying upon a sheriff's sale, must adduce evidence that the sale is not void for want of notice to the debtor in possession."

This case was not referred to in *Burnett* v. *Austin,* supra, and the language of the court in the two cases is in conflict. The two cases referred to in the Downing case tend to support the decision in the Burnett case.

In *Rogers* v. *Jennings' Lessee,* 3 Yerg., 308, the court said: "The sheriff in his deed (after reciting the process) says, 'according to the laws of the State, in such case made and provided, and the provisions and requisitions therein contained, having legally advertised and made known the same, did, on the 22d day of March, 1828,' etc., 'exposed,' etc.

"It being the duty of the sheriff to give the defendant in possession, whose land he is about to sell under an execution, notice under the Act of 1799, chapter 14, we are to take it *prima facie* that the notice was given. The evidence of a nonperformance of his duty in this respect

must come from the defendant; and though all such matters as form parts of the record must be produced by the plaintiff, still the fact of advertising, and otherwise making known the sale, being matters *in pais,* are *prima facie* proved by the recitals in the deed (*Bashaw* v. *Blakemore Adm'r,* 1 Tenn. Rep., 348), and on this presumption, that every sworn officer does his duty, under the statutes which are directory to him.''

The court announced the rule that evidence of a non-performance of the sheriff's duty to give the twenty days' notice must come from the defendant, first, because the recitals in the deed are *prima facie* true; and, second, upon the presumption that every sworn officer does his duty.

In *Simmons* v. *McKissick,* 6 Humph., 259, the court said: ''It is objected, that it does not appear that the twenty days' notice required by the act of 1799, was given by the sheriff to Simmons, before the lot was sold. It has been decided by this court, that it will presume the notice required by law was given, unless the contrary appear. The sheriff recites in his deed, that he advertised and gave notice according to law; and the *onus* of proof is upon the defendant to show that the notice was not given.''

In *Swainson* v. *Scott,* 111 Tenn., 143, 76 S. W., 909, it was said: ''A well-recognized exception to the general rule is that the recital in a sheriff's deed in respect of his own acts is *prima-facie* evidence of the facts recited, but this exception rests upon the ground that the sheriff is a public ministerial officer, and his recitals are made upon his oath of office; but it has been held that recitals even in a sheriff's deed that certain things were done by his

predecessor in office are not evidence. *Downing* v. *Stephens,* 1 Baxt., 454.''

It follows, upon the principle announced, that recitals of notice in a sheriff's deed make out a *prima-facie* case. This is only a rule of evidence that sustains the point which it covers and shifts the burden to the party questioning its correctness.

There is also the other rule of evidence referred to above, viz., that every officer is presumed to do his duty, which also establishes the point involved and shifts the burden.

A presumption is a substitute for evidence. Likewise, a recital in a sheriff's deed, contrary to the rule with respect to deeds generally, is a substitute for evidence.

There is no conflict between the two rules, and doubtless a recital in a sheriff's deed as to giving notice would strengthen the presumption and require a greater *quantum* of evidence to overcome it.

But the failure of the sheriff to recite in his deed that the twenty days' notice was given in no wise affects the rule of presumption that he did everything which the statute required.

In 22 Corpus Juris, 79, it is said: ''While the existence ence of a presumption of law does not affect the burden of proof, yet, as an inference of fact which the law assumes to be correct, it establishes, in the absence of evidence to the contrary, a *prima-facie* case and thereby sustains the burden on the point which it covers.''

The statute does not require the sheriff to recite in his deed the giving of notice to the debtor; neither does it require him to make any record of same. It would, in many instances, work great hardship if, after a long lapse

of time and the death of the parties, the holder of the sheriff's deed should be required to prove affirmatively the service of notice in order to support his title. Such a rule would have a tendency to disturb and confuse land titles.

The principle which we deduce from our authorities is this: It is necessary for the purchaser to show those things which the law requires to be recorded; all other matters will be presumed.

In *Barry's Lessee* v. *Rhea,* 1 Overt. (1 Tenn.), 348, it was said: "It is necessary for purchasers to show a judgment, as well as execution; though the return of an execution need not be shown. All that can be required of the lessor of the plaintiff is to show what the law required to be recorded. We presume everything else to have been regular, unless evidence be offered on the other side to remove this presumption. The law did not require the report to be recorded as evidence; it was not therefore necessary."

In *Nelson* v. *Allen & Harris,* 1 Yerg., 367, the court said: "This conveyance to Hickman and Searcy, the vendees, at the sheriff's sale, is a conveyance by statute, and is composed of the judgment, the levy, and the sheriff's deed, as essential requisites in its constitution, which the purchaser must see to, and on which he must depend, to effectuate a transfer of the right, either of which, if wanting, renders the conveyance inoperative as to passing the right and title. Section 4, Wheat, 506."

The deed in question is in the following words: "This indenture made and entered into on this the 30th day of October, 1895, by and between J. E. Pickle Sheriff of Loudon county Tennessee and a citizen of said county &

State, party of the first part and L. E. Keiper a citizen of the same county and State party of the second part, wit-nesseth: That whereas on the 8    day of October 1894, L. E. Keiper obtained a judgment before F. M. Felts a Justice of the Peace for Loudon county, against Man-grum Siler for the sum of twenty-eight and 24/100 dol-lars and costs of suit upon which he caused and an exe-cution to be issued which went into the hands of J. E. Pickle Sheriff of said county, and which he returned no personal property to be found and levying said execu-tion on a piece of real estate belonging to Mang Siler, which levy is in the following words, ''The reversionary interest in one lot in the town of Loudon Tenn. of the deft.   Mang Siler, said lot being a certain piece or par-cel of land, situated and lying and being in said town of Loudon and known in the plan of said town as Lot No. 146 and bounded as follows, on the South by Short St., on West by West Street, on North by A. S. Henderson, and on East by I. J. Barran, it being the same lot conveyed by A. W. Ward to said Mang Siler, Sept. 15th, 1890 by deed recorded in Deed Book No. 8 page 227 in Register's Office in Loudon, Loudon County, Tennessee.' And where-as the officer aforesaid duly returned before the justice aforesaid the execution aforesaid with said levy properly endorsed and whereas the justice aforesaid returned into circuit court of said county the papers in said cause, together with said execution which were exhibited to said court at its September term 1895, and at said term said court duly condemned said land to be sold to satisfy said judgment, and whereas the clerk of said court on the 3rd day of October 1895 issued an order of sale which upon that day came into my hands on the same

day issued and after advertising the time and place of sale and terms of sale, in the Lenoir City Leader a newspaper published in Loudon county, as required by law I, J. E. Pickle, Sheriff of Loudon county did on the 30th day of October 1895 within legal hours, did sell in front of the Court House door in the town of Loudon, the above property described whereupon L. E. Keiper became the purchaser thereof for the sum of forty-seven and 63/100 dollars, he being the highest and best bidder. Therefore in consideration of the said sum of $47.63 to me in hand paid by the said Keiper the receipt of which is hereby acknowledged, I, J. E. Pickle, Sheriff as aforesaid do hereby transfer, convey and confirm unto the said L. E. Keiper the reversionary interest of the said Mang Siler in and to the following described property: (Here follows same description as above.)

"I hereby deed in as ample and full a manner as I can or should as sheriff but no further, this being a sheriff's deed.

"Witness my hand this the 30th day of October 1895.

"J. E. Pickle, Sheriff, Loudon County, Tenn."

It will be observed that this deed recites the judgment, the issuance, and levy of an execution, the condemnation and sale of the land, all matters which the law requires to be recorded. This being true, the law presumes that the procedure in other respects was legal.

We feel constrained to disapprove of that part of the opinion in *Downing* v. *Stephens,* supra, which states that, in the absence of a recital of notice in the sheriff's deed, the burden is on the plaintiff to adduce such evidence.

We find no error in the decree of the court of appeals. It follows that the writ will be denied.