RAINES *v.* PILE *et al.*

*(Nashville,* December Term, 1944.)

Opinion filed February 3, 1945.

Rehearing denied March 3, 1945.

284·

J. B. REAGAN, of Jamestown, and ALBERT WILLIAMS and JOE BROWN CUMMINGS, both of Nashville, for complainant.

WARD R. CASE, ROBT. F. TURNER, and H. N. WRIGHT, all of Jamestown, for defendants.

Mr. Justice Neil delivered the opinion of the Court.

Complainant filed his original bill in the Chancery Court to secure possession of certain lands in Fentress County which were alleged to have been purchased by him at an execution sale made by the sheriff of said county. The defendants answered, in which denial is made that complainant had any interest in the lands in question.

At the trial, which was upon oral testimony, complainant claimed to have had a valid judgment against Lucinda Pile in the Supreme Court, that an execution issued upon said judgment, and at the sale he became the purchaser. He exhibited a sheriff's deed (signed by Conatser, Sheriff, and reciting levy of execution by C. A. Williams, Deputy Sheriff under H. B. Taylor, Sheriff), in which he is named the grantee and which on its face purports to convey to him the lands in question. It was the contention of the defendants (1) that Lucinda Pile had no such interest in the lands as was subject to execution, and (2) that the deed was invalid because there was no record evidence of notice and sale as the law requires.

It appears from the record that Lucinda Pile and her two children, who are co-defendants, acquired the lands by virtue of a devise in the will of E. Pile, who was the husband of Lucinda and father of Carrie Pile Conatser and Victoria Pile Key. The Chancellor held that Lucinda Pile took a life estate under the will and the children the remainder in fee simple, and that the estate was subject to execution and sale to satisfy complainant's judgment; he further held, however, that the deed was void because there was no evidence of notice of sale or that there was a sale as required by law.

Oral evidence, offered by complainant, that there was notice and a sale, was excluded upon objection by defendants' counsel.

The Court of Appeals reversed the Chancellor, holding that the said Lucinda Pile had only the right to occupy and use the lands and did not have a life estate. The question as to the validity of the deed and alleged error in excluding oral testimony was pretermitted. This was assigned as error in complainant's petition for *certiorari.*

We think the Chancellor was correct in his holding that Lucinda Pile had a life estate. This issue was fully discussed in a separate opinion filed with the record. Upon the second proposition touching the validity of the deed, the decree of the learned Chancellor must be reversed.

The pertinent part of the deed is as follows:

"After giving the twenty days' notice as required by law, the time, place, and terms of the sale were duly advertised as required by law and the said C. A. Williams offered said tracts for sale at the east door of the courthouse in Jamestown, Tennessee, on August 24, 1940, at one o'clock, P. M., to the highest and best bidder for cash . . . and sold the same to J. M. Rains."

Counsel for defendants earnestly insist that there was no legal notice given as required by law and that the deed was void "because as by duly certified copy of the execution in question and return thereon will appear, the officer's return does not show a sale of said lands, and therefore the sheriff Clyde Conatser had no authority to execute a sheriff deed, and recite therein that a sale was made."

Upon a certified copy of the execution, we find the following endorsement:

"I returned this execution satisfied after paying all costs, judgment and interest in full. After paying $42,00; int. $122.00 cost $192.00 plus an amount that was donated to J. M. Rains in the way of receipts and judgment over plus the $1600.00 paid. But was authorized to return satisfied in full by atty. This Sept. 10, 1940.

"C. A. Williams, D. S."

What is referred to as the "incomplete return" shows the execution came to hand on June 14th. No year is given, but presumably it was the year 1940. It shows a levy made July 30, 1940, on two tracts of land "subject to the homestead rights of the defendant Sindia Pile". On July 13, 1940, C. A. Williams, Deputy Sheriff, etc., appointed three qualified persons to set aside homestead for Mrs. Pile. They set aside the small tract which contained only a few acres as worth one thousand dollars. In the record there appears (p. 37) what purports to be a notice of sale of the land, the same being signed by Williams, Deputy Sheriff. The notice describes Tracts Nnmber 1 and 2 and recites that the land is being sold to satisfy an execution. It shows a notice to the widow that the two tracts have been levied on, and was served on her July 24, 1940. There is a notice of sale fixed for Saturday, August 24, 1940, at one o'clock. There is no record evidence, however, showing that the above notice was posted as required by law. The only evidence before us that the deputy sheriff made a complete return is found in the certificate of the Clerk of the Supreme Court, the same being included and made a part of the certified copy of the execution.

Counsel for defendant insists that from the above mentioned papers there is no showing that a sale was made. He further insists that in order to overcome these apparent defects, complainant offered to prove by

oral testimony that a sale was duly made and the property purchased by complainant; that while Williams was not a deputy under H. B. Taylor, Sheriff, he was an acting deputy under Oscar Taylor, who was succeeded by H. B. Taylor. The Chancellor held that this evidence was inadmissible and the deed was void.

Complainant contends, however, that the recitation in the deed controls, or at least is *prima facie* evidence of the facts set forth therein.

In *Lemons* v. *Wilson,* 65 Tenn. 143, it was held that a discrepancy between the dates of the execution recited and described in the sheriff's deed and those contained in the record of condemnation in the Circuit Court was fatal to complainant's title.

In *Byers and Wife* v. *Wheatley, Adm'r,* 62 Tenn. 160, it was held:

"It will not be sufficient to show that in fact there was a judgment, execution and levy, their existence must be assumed in the deed, and when produced they must correspond with the recitals of the deed."

Now the deed in the instant case was executed by a successor sheriff. We think Code, section 8915, is applicable here, and it reads as follows:

"Deed of successor in office is *prima facie* evidence of recitals.—Any sheriff, coroner, or trustee may execute deed for lands sold by a former sheriff, coroner, or trustee, which deed shall be valid, as if executed by such former officer; and such deed shall be *prima facie* evidence of the truth of all the statements and recitals contained therein."

The defendants offered no testimony to contradict any of the recitals in the deed in question.

In *Williams et al.* v. *Williams et al.,* 25 Tenn. App. 290, 156 S. W. (2d) 363, it was held:

"A recital in a deed, whch was executed by a county court clerk after foreclosure of a deed of trust, that the mortgaged land was advertised according to terms of deed of trust was *prima facie* true."

The Court further held:

"A sheriff's deed following an execution sale of land need not be supported by record of judgment and condemnation, since recitals of such facts in deed are sufficient."

■ This Court has held in a number of cases (cited in *Sipes* v. *Sanders*, 162 Tenn. 593, 594, 595, 39 S. W. (2d) 739) that "The deed of a sheriff, to be valid, must show a proper judgment, execution, levy, and sale."

■ Defendants contend that the record must show that notices were posted, etc., according to law and that there was also a sale according to law in order for the deed to be valid. The answer to this is that the only way in which to show the posting of notices as well as a sale, etc., would be by parol evidence. Moreover, the oral testimony of the complainant and other witnesses purporting to show the facts with reference to judgment, levy of execution, notice, and sale does not in any way contradict the recitations in the deed, but is confirmatory thereof. The certified copy of the execution made by the Clerk of the Supreme Court, as well as the officer's return showing a sale, "corresponds with recitals in the deed", which meets with the requirements, as held in *Byers and Wife* v. *Wheatley, supra.*

The question raised by the defendants as to the lack of record evidence showing proper notice and sale was considered in *York & Robinson* v. *Byars,* 131 Tenn. 38, 173 S. W. 435. In that case the return on the order of sale did not show that notice was given. The Court made reference to the testimony of the sheriff who made the

sale in the following language (page 41 of 131 Tenn., page 436 of 173 S. W.):

"The evidence of the sheriff who made the sale was taken, and he testified that he had no independent memory of the matter, but that his custom was to give the notice required, and that he feels sure he must have done so in the present instance. The testimony of Mr. W. V. Whitson was also taken. He says that he wrote the sheriff's deed reciting notice, and, while he cannot recall the fact of having seen any notice, yet he remembers that he investigated the matter carefully at the time, and thinks there must have been a notice."

The Court further found as a fact (page 42 of 131 Tenn., page 436 of 173 S. W.):

"There is no other evidence on the point except that the sheriff's deed recites that the required notice was given. The sheriff's deed, however, was not that of the officer who made the sale, but the deed of a successor in office. Here the Acts of 1901, c. 145, is applicable."

The Court, in construing Code, section 3058, as controlling, said (pages 42, 43 of 131 Tenn., page 437 of 173 S. W.):

"Laying out of view altogether the testimony of the former sheriff, and of Mr. Whitson, as being unnecessary for the determination of the case, we are of the opinion that this act makes the recitals in the sheriff's deed concerning the giving of notice prima facie evidence that notice was given, as required by law. An act containing similar provisions (chapter 334, Acts of 1907) has been heretofore recognized and applied in the same way. *Camp* v. *Riddle*, 128 Tenn. 294, 160 S. W. 844 [Ann. Cas. 1915C, 145]; *Hill* v. *Moore*, 121 Tenn. 182, 113 S. W. 788.

"There being no other evidence, we must hold that the notice was given."

In 33 C. J. S., Executions, sec. 229, pp. 486-487, it is said:

"In the absence of proof to the contrary, which must be clear and satisfactory, the courts will as a general rule indulge all presumptions in favor of the regularity of the judgment, execution, and levy on which an execution sale was founded, *and of all proceedings in connection with the sale;* . . . Thus, in the absence of contrary evidence, it will be presumed that the law was complied with in respect of the order of offering the property for sale, the levy, the interest sold, the time of the issuance of the writ, notice, the time of the levy, see *supra,* section 93, and the time of the sale, see *supra,* section 208." (Italics ours.) Many cases are cited including our own case of *Siler* v. *Siler,* 152 Tenn. 379, 277 S. W. 886, 887, wherein it was held "that recitals of notice in a sheriff's deed make out a *prima facie* case."

Mr. Justice McKinney, speaking for the Court, made this further observation (152 Tenn. 386, 277 S. W. 887):

"A presumption is a substitute for evidence. Likewise, a recital in a sheriff's deed contrary to the rule with respect to deeds generally, is a substitute for evidence.

"There is no conflict between the two rules, and doubtless a recital in a sheriff's deed as to giving notice would strengthen the presumption and require a greater *quantum* of evidence to overcome it.

"But the failure of the sheriff to recite in his deed that the 20 days' notice was given in no wise affects the rule of presumption that he did everything which the statute required."

It appears that in the same case the Court disapproved the holding in *Downing* v. *Stephens,* 60 Tenn. 454, which states that, "in the absence of a recital of notice in the

sheriff's deed, the burden is on the plaintiff to adduce such evidence.''

We think it is clear from the above cited cases, *York & Robinson* v. *Byars* and *Siler* v. *Siler,* both *supra,* that the holding of the Court in *Downing* v. *Stephens, supra,* that ''recitals in a sheriff's deed are not evidence of matters done by former sheriff, which do not appear in his return,'' has been overruled. We therefore re-affirm what was said in the *York & Robinson Case,* as quoted in this opinion.

It results that the oral testimony offered by complainant in the instant case, and which was excluded by the Chancellor, was unnecessary in establishing the validity of complainant's deed.

Conceding that this is an ejectment suit and that complainant must rely upon the strength of his own title and not upon the weakness of his adversaries', we are constrained to hold that, having exhibited a valid deed, which purports to convey a legal title, he is entitled to possession, nothing to the contrary appearing.

We are furthermore of opinion that the inaccurate recitation in the deed that the execution came to the hands of C. A. Williams as deputy sheriff under H. B. Taylor, when he was in fact a deputy under Oscar Taylor, should be construed as technical error and does not affect the validity of the deed. *Sipes* v. *Sanders, supra.*

The assignments of error must be sustained and the decree of the Court of Appeals reversed. A decree will be entered here awarding complainant possession of the land in question as of the date of filing the original bill.

On Petition to Rehear.

The defendants have filed their petition to rehear complaining: (1) ''The Court failed to qualify its statement

that the will of E. Pile, deceased, gives to the widow Lucinda Pile a life estate in the land in controversy by adding to such finding 'subject to be defeated by the re- marriage of the widow.' This is believed to be an oversight.'' (2) ''The effect of the above decision is to deprive the widow of her right of redemption from the sheriff's sale, because she could not reasonably exercise her right, or be expected to do so, until there was a record of the sheriff's sale, and there was no such recording of said deed, which was done only twelve days before the bill was filed.'' (3) ''The effect of the Court's decision is to hold that the recitals in a sheriff's deed are not contradicted by the introduction of the record behind the deed where that record contains no supporting statements, or, in other words, that a sheriff, or even a successor sheriff, may, by recitals in his deed, supply a missing record so long as his recitals do not actually contradict the record.'' (4) ''The Court erred in holding or implying that it was incumbent upon the defendants to attack by proper pleading the recitations in the sheriff's deed for fraud, because in an ejectment suit every instrument offered as a muniment of title is subject to attack under the general election of ownership of the land on the one hand and a general recital on the other.''

Responding to these contentions, we find no merit in the first, which refers to the construction of the will of E. Pile. Suffice it to say that we held that the Chancellor was correct in his construction of said will and the learned Court of Appeals was in error, as shown by the opinion filed with the record, which was noted ''not for publication''.

The second ground of complaint is that under the Court's decision the life tenant, Lucinda Pile, is denied her right to redeem the land. We think the respondent in

answering this petition has clearly pointed out the fallacy of petitioners' insistence as to her right to redeem the land, as follows:

"This point was made by these petitioners in their written argument filed in this Honorable Court on January 9, 1945 (p. 13), and was therefore before the Court at the time it rendered its opinion. Its weakness is self-admitted in the suppositious expression in that argument, to-wit: 'Suppose the widow, during the first two years after the date of the alleged sale, had desired to redeem as he had the legal right to do.' Furthermore, the return on the execution issued from this Honorable Court affirmatively shows that Sindia Pile was given notice of the levy of the execution under which the land was sold and also was served with the original copy of the report of the commissioners who were duly appointed and who set apart her homestead, a copy of this report being made a part of the return on the execution. (R. 35, 36)"

We think from an examination of the record that the life tenant was fully informed of the proceedings involving the sale of the land in question and she had ample opportunity to redeem, had she so desired.

Responding to the third and fourth grounds of the petition, the Court gave full consideration to the matters complained of in holding that the essential elements necessary to support complainant's title appeared in the execution, the return thereon, and the sheriff's deed. It is true the Court made some comment upon the failure of the defendants to attack the deed for fraud, but this was not necessary for a correct determination of the validity of the complainant's deed. While the defendants could properly attack the deed and complainant's right to possession in an ejectment suit, it does not follow that they could not make a direct attack upon it for fraud and thus

destroy any claim of alleged title. Moreover, the decision of the Court cannot in any way affect "the safety and security of land titles", as contended by petitioners, any more than former decisions of this Court, which were cited as authority for our decision in the instant case. Much of the argument of counsel could be easily construed as an attack upon the wisdom of the Legislature in enacting the statute, Code, section 8915, which provides that statements and recitals in deeds of successor sheriffs shall be taken as *prima facie* evidence of their truth. This is the contention made by respondent's counsel in answering the petition and upon a careful review of the matter we think it is sound and that the petition in this regard is without merit.

Petition to rehear is denied.