IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## MIDDLE DIVISION.

NASHVILLE, DECEMBER TERM, 1898.

## GONCE *v.* McCOY.

(*Nashville.* December 17, 1898.)

1. JUDGMENT. *Satisfaction of, not set aside, when.*

A judgment creditor, who has satisfied his judgment by a bid on land, cannot have the satisfaction set aside and the judgment reinstated, in the absence of fraud upon the ground that he was disappointed in getting a life estate instead of the fee. (*Post, pp. 591–595.*)

Code construed: § 4719 (S.); § 3705 (M. & V.); § 2990 (T. & S.).

Cases cited and approved: Hayes *v.* Cartwright, 6 Lea, 145; Hill *v.* Harriman, 95 Tenn., 305.

2. LIFE ESTATE. *Value of.*

The value of a life estate is estimated, not in the light of its actual duration as subsequently developed, or by the rents

actually received, but by its value at the time it is to be charged or accounted for, estimated according to the rules or tables usually adopted in estimating the value of life estates (*Post, pp. 593, 594.*)

---

FROM FRANKLIN.

---

Appeal from Chancery Court of Franklin County. T. M. McConnell, Ch.

Estill & Turney, J. T. Matthews, and Banks & Embry for Gonce.

Lynch & Lynch for McCoy.

Wilkes, J. This bill is filed to set aside the satisfaction of a judgment and have it restored to vitality and force, and to have the judgment thus restored declared a lien upon land and the land sold to satisfy the same. . The Chancellor dismissed the bill, refusing any relief, and the complainant appealed. The Court of Chancery Appeals reversed the Chancellor, and decreed that the satisfaction be set aside; that a lien be declared for the reinstated judgment; that it be collected out of certain lands and out of a certain judgment obtained by defendant, McCoy, against Sells, the vendor of the land to him. The case was also remanded for an account of rents received by complainants and for the execution of the decree. Both parties have appealed to this

Court—the complainant from so much of the decree as holds him for rents, and the defendants from the remainder of the decree, setting aside the satisfaction and declaring a lien and decreeing a collection.

The facts found by the Court of Chancery Appeals, so far as they need be stated, are that McCoy purchased from P. G. Sells a tract of land which belonged originally to one Rice, at the price of $2,400, of which $1,200 was paid in cash, and for the balance three notes were given, each for $400. One of these notes was paid, and complainant bought the other two for $666, and claims to be an innocent holder of them. They were secured by a lien on the land. The land, by proper proceeding, was sold to satisfy the judgment obtained on these notes, amounting to $1,050, and was bought by complainant, at his debt and costs, and the judgment was thus satisfied. It appears, however, that Rice, the original owner of the land, before he conveyed it to Sells, had made a conveyance of it to Nancy McCoy, reserving a life estate in himself. One of the conditions of the conveyance to Nancy McCoy was that she should live with Rice and family until his death. She failed to do this, but left the State, and Rice thereupon filed a bill to vacate the deed, alleging that it had never been delivered and had never taken effect. Such proceedings were had that this deed was set aside, and Rice thereupon sold to William Sells, and he to P. G. Sells; and he to A. J. McCoy, as before

stated.. After the vendor's lien had been enforced by Gonce, the holder of the notes against A. J. McCoy, and after the death of Rice, Nancy McCoy having also died, her heirs filed a petition setting up the original deed to their mother, and claiming the land under it, and alleging that when Rice's proceedings were had against Nancy McCoy, to vacate her deed, she was dead, and the proceeding therefore a nullity. The result of this suit was that the heirs of Nancy McCoy recovered the land from Gonce, the purchaser and holder of the notes; and Gonce thus lost the benefit of his purchase, except as to the life estate of Rice. He had possession, however, of the land, under his purchase, from November 5, 1892, to May 5, 1893, the date when Rice died, and until that date his purchase was good in any event, as he held the life estate of Rice, and was entitled to hold it, even as against the heirs of Nancy McCoy. This bill was then filed by Gonce, the purchaser of the land and holder of the notes, to set aside the satisfaction of his judgment, on the ground that, by his purchase, he had not obtained a fee simple title to the land bought. We consider this question primarily, inasmuch as, if the judgment is not set aside, the question of its lien and enforcement need not be considered.

The Court of Chancery Appeals find that when complainant bought the notes sued on he was assured by both McCoy, the maker, and Sells, the indorser, that the title to the land for which they

were given was good, and he believed he was getting a good title in fee simple to the land by his purchase. It appears that neither party had actual notice of the particular defect in title which caused the loss, and, hence, there was no fraud, though there is some evidence of a supposed defect arising from a different source known to both parties.

Gonce, as before stated, obtained by his purchase the life estate of Rice, but did not get the fee simple. He went into possession in November, 1892. Rice died in May, 1893. In this interval, Gonce had received the rents and profits of the land, and was required by the Court of Chancery Appeals to account for the same as a credit upon his judgments when reinstated and as a condition to their reinstatement. Upon this feature of the case the question is narrowed down to this: Is the creditor, who has bid his judgments on land, and thus satisfied them, entitled to have this satisfaction vacated and the judgments reinstated because he only obtained a life estate in the land, when he believed he was getting a fee simple estate and bought under that belief? Unquestionably, if there be a total failure of title and the purchaser get nothing by his purchase, such a result would follow.

The provision of the Code (Shannon, § 4719), is, in substance, that the satisfaction may be set aside by *sci. fa.* if no title is obtained to the property bought to satisfy the judgment.

But the question in this case is, does such rem-

edy, or a remedy in chancery, exist when the purchaser obtains a valid title to the property, but not the one which he understood he was getting; in other words, when the title acquired is good so far as it goes, but does not confer the quantum of estate which the purchaser expects under his purchase? It is well settled that in sales of land under decree and under execution, except in special cases, there is no warranty of title or quality, but the rule of *caveat emptor* applies, and the purchaser gets virtually nothing but the quitclaim title of the debtor defendant. In this case it appears that the complainant, as purchaser, was aware that the title to this land was questionable, and bought with this knowledge, but he did not know of the particular defect which afterward occasioned his loss, but his knowledge was of other supposed defects which were not real. He bought a property under these circumstances which originally cost $2,400, and paid for it in notes which cost him $666, and while he had no notice, as stated, of the defect in title which finally caused the loss, he did know that the title was being questioned on other grounds, and bought at the risk of this and over the protest of the defendant, McCoy, who was trying to prevent an enforcement of the vendor's lien and a sale of the land by setting up a defective title. We think that the fact that the complainant, as purchaser, got only a life estate, when he expected to get a fee simple estate, cannot entitle him to have the satis-

faction of his judgments bid on the property set
aside.    It is true the life estate proved to be of
short duration and hence brought but little return
to the purchaser.    But this cannot matter.    It
might have continued for a long number of years
and been almost as valuable as the fee, so there
was neither entire failure of title nor of considera-
tion.    To hold that, because he thought or expected
to get a fee, he is entitled to relief because he
only got a life estate, would be proceeding upon the
idea that the sale carries with it a warranty of
title, not only as to validity of title, but as to
quantum of estate.

He is not entitled to such relief if he obtains
any "beneficial interest" by his purchase, and the
Courts cannot measure the benefit or value of the
interest acquired if it is substantial.    *Hayes* v. *Cart-
wright*, 6 Lea, 145.    It should be stated that
Gonce, the purchaser, does not offer to refund what
he really obtained by his purchase, but he objects
to refunding or accounting for anything he has re-
ceived, and appeals from so much of the decree of
the Court of Chancery Appeals as requires him to
give credit for the rents received; in other words,
he insists he has a right to have his judgments re-
stored and reinstated and still to hold on to all he
has received from a sale under these judgments.    In
his bill he does not offer to return what he received,
and while he acquired Rice's life estate under his
purchase, he refuses to account for what he re-

17 P—38

ceived out of his purchase of it. This he cannot do. *Hill* v. *Harriman*, 11 Pick., 305. But if complainant is entitled to have the satisfaction set aside at all, it would be more proper to do so on condition that he account for the value of the life estate he obtained and not merely the rents during the time he occupied it. And the value of that life estate would be estimated, not in the light of the actual duration of the life estate as subsequently developed or the rents received during that time, but at its value at the time of purchase, estimated according to the rules usually adopted in estimating the value of life estates. To illustrate: If this life estate of Rice had continued for ten, twenty, or fifty years, and complainant had all the while been enjoying the use of the property under his purchase, it would hardly be insisted he would be entitled to have the satisfaction set aside on the ground that he had not obtained the fee. The value of the estate acquired by complainant at his purchase must be estimated at the date of the purchase and its probable value at that time, and not by its actual return as subsequently developed.

We are of opinion that the Court of Chancery Appeals is in error in holding that the complainant is entitled to have the satisfaction of the judgment in this case set aside and the judgments restored to force and vitality, but that he is bound by his purchase and the benefits received thereunder, and it is not necessary to consider the other question.

Gonce *v.* McCoy.

The decree of the Court of Chancery Appeals is reversed and the decree of the Chancellor affirmed, and the bill is dismissed, and complainants will pay all costs in this Court and the Court below.