# E. M. HAMMOCK *v.* A. B. QUALLS.

## (*Nashville*. December Term, 1917.)

1. **JUSTICES OF THE PEACE. Executions. Liens.**

The levy of an execution from a justice's judgment upon land creates a lien in favor of the judgment creditor. (*Post, pp.* 391, 392.)

Cases cited and approved: Zook v. Smith, 65 Tenn., 213; Parker v. Swan, 20 Tenn., 83; Keaton v. Thomasson, 32 Tenn., 139.

2. **EXECUTION. Liens. Date.**

If the levy of an execution from a justice's judgment is followed by condemnation and issue of *venditioni exponas* by the circuit court, the sale had in pursuance thereof relates ·back to the date of the levy, and the legal title conveyed by the sheriff's deed operates from that date. (*Post, pp.* 391, 392.)

3. **EXECUTION. Real estate. Effect of levy.**

The levy of an execution upon real estate does, not transfer the title to the land, nor create any interest in the sheriff, but merely fixes a lien upon the land for the payment of the debt. (*Post, p.* 392.)

4. **EXECUTION. Lis pendens. Effect.**

While the record of the condemnation in the circuit court after levy of execution on a justice's judgment is constructive notice of the sheriff's sale, the order of condemnation is not a judgment establishing a lien, but only a mode of executing the levy. (*Post, p.* 392.)

Cases cited and approved: Mann v. Roberts, 79 Tenn., 59; Ashworth v. Demier, 60 Tenn., 323.

5. **EXECUTION. Lis Pendens. Effect.**

The record of ·condemnation in the circuit court after levy of execution under a justice's judgment merely continues the lien of the levy to which the purchaser's title will relate when he procures a deed from the sheriff. (*Post, p.* 392.)

Hammock v. Qualls.

6. **EXECUTION. Lis pendens. Effect.**

The only proper use of an execution being to enforce with diligence the collection of a debt, the creditor cannot use it merely as security for his debt by a levy on the property which creates merely a secret lien. (*Post*, *pp.* 392, 393.)

Case cited and distinguished:    Wilkins v. McCorkle, 112 Tenn., 688.

Code cited and construed:    Sec. 3751(S.).

7. **VENDOR AND PURCHASER. Priority of deeds. Lis Pendens.**

In all cases subject to the registration laws, the deed first registered has priority over constructive notice of *lis pendens*. (*Post*, *pp.* 393, 394.)

Case cited and approved: Shelton v. Johnson, 36 Tenn., 680.

8. **LIENS. Secret liens.**

Secret liens are not favorites of the law. (*Post*, *pp.* 394, 395.)

9. **EXECUTION. Rights of purchaser. Reasonable diligence.**

Reasonable diligence is required of the purchaser at an execution sale in perfecting his title, which should be recorded. (*Post*, *pp.* 394, 395.)

10. **VENDOR AND PURCHASER. Rights of purchaser. Reasonable diligence.**

Ordinary negligence in procuring a sheriff's deed, unexplained, should defeat the title of the execution purchaser as against one who buys in good faith and without notice of the title claimed by the execution purchaser. (*Post*, *pp.* 394, 395.)

11. **EXECUTION. Rights of purchaser. Reasonable diligence.**

No positive rule can be stated as to what constitutes such delay of an execution sale purchaser in getting a sheriff's deed as will destroy the right to *lis pendens*, but one relying upon the rule must understand that his claim is *strictissimi juris*. (*Post*, *p.* 395.)

Case cited and approved: Robinson v. Bierce, 102 Tenn., 428.

12. **EXECUTION.** Vendor and purchaser. Rights of purchaser. Reasonable diligence.

Where the purchaser at a sale under condemnation by the circuit court after levy of a justice's judgment delayed getting a sheriff's deed for over eight years, his delay was a gross negligence, amounting to an abandonment of his lien, and a subsequent purchaser without notice, who recorded his deed, had superior title, though the purchaser finally took a deed; such deed not relating back to the levy. (*Post, pp.* 395, 396.)

FROM OVERTON.

Appeal from the Chancery Court of Overton County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —A. H. ROBERTS, Chancellor.

E. C. KNIGHT, for appellant.

W. R. OFFICER and E. A. QUALLS, for appellee.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This case is before us upon petition for writs of *certiorari* to the judgment of the court of civil appeals reversing the decree of the chancellor. The bill is filed by Hammock for the purpose of having a claim of Qualls to an undivided one-fifth interest in a certain tract of land in Overton county removed as a cloud upon his title. The common source of title is one Bil-

brey, who held by descent from his father. After the death of Bilbrey's father, complainant Hammock sued Bilbrey before a justice of the peace, and recovered a judgment. An execution issued thereon July 11, 1908. An order of condemnation and sale were had upon the justice's proceedings in the circuit court of Overton county November 3, 1908, and deed of the sheriff pursuant thereto October 17, 1916. After the sale, and before the execution of the deed by the sheriff, defendant purchased the same land from Bilbrey by deed dated November 1, 1915, which was registered in Overton county on the same day.

The defendant interposed as defenses to complainant's action that he purchased the land without notice of complainant's purchase at the sheriff's sale, or his levy lien, and the inexcusable and unexplained delay upon the part of complainant in taking his deed from the sheriff.

The case was heard by the chancellor sitting as a jury, who found that the defendant purchased from Bilbrey without notice in fact of the proceedings under which complainant claims. There is evidence to support this finding.

The levy of an execution from a justice's judgment upon land creates a lien in favor of the judgment creditor. *Zook* v. *Smith,* 6 Baxt., 213. If the levy is followed up by a return of the papers into the circuit court and a condemnation of the land, and *venditioni exponas* is issued by order of the circuit court, the sale, had in pursuance thereof, will relate back to

the date of the levy so as to make the legal title conveyed by the sheriff's deed operate as of the date of the levy lien. *Parker* v. *Swan,* 1 Humph., 83, 34 Am. Dec., 619; *Zook* v. *Smith,* supra; *Keaton* v. *Thomasson,* 2 Swan, 139, 58 Am. Dec., 55.

The levy of an execution upon real estate does not transfer the title to the land nor create any interest thereto in the sheriff. It merely fixes a lien upon the land for the payment of the debt. *Keaton* v. *Thomasson,* supra.

The court of civil appeals was of opinion that the record of the condemnation in the circuit court was constructive notice to the defendant of the sheriff's sale, and of complainant's equity in the land by virtue of a *lis pendens* growing out of the condemnation proceedings. This is correct as a general proposition of law, but the order of condemnation is not a judgment, but only a mode of executing the levy. *Mann* v. *Roberts,* 11 Lea, 59; *Ashworth* v. *Demier,* 1 Baxt., 323; *Zook* v. *Smith,* supra.

In *Mann* v. *Roberts,* supra, it is stated that the record of condemnation "is not notice to third persons, nor would it be if a judgment; the notice implied from a pending litigation ceasing with its determination." It merely continues the lien of the levy to which title of the purchaser at the sale will relate when he procures a deed from the sheriff.

"The only proper use of an execution," said the court in *Mann* v. *Roberts,* supra, "is to enforce the collection of a debt, and to enforce it, so far as the rights

of. third persons are concerned, with reasonable diligence. The creditor cannot use it merely as a security for his debt by a levy on property, for the lien thus created is a secret lien, and may operate to the prejudice of innocent third persons if the debtor be left in possession of the property.'' This we conceive to be an accurate statement of the nature and· purpose of an execution upon a justice's judgment when levied upon real estate. Our registration statutes have been enacted for the purpose of preserving titles to land and giving notice to a prospective purchaser of the manner in which they are held. Our Code, at section 3751 (Shannon) expressly provides as follows:

''Any of said instruments first registered or noted for registration shall have preference over one of earlier date, but noted for registration afterwards, unless it is proved in a court of equity, according to the rules of said court, that the party claiming under the subsequent instrument had full notice of the previous instrument.'' *Wilkins* v. *McCorkle,* 112 Tenn., 688, 80 S. W., 834.

In all cases to which our registration laws have application, the deed first registered must be given priority over the constructive notice of *lis pendens.* The doctrine of notice by *lis pendens* by which a *bona-fide* purchaser without notice is held bound by the result of a suit as though he had notice is held, in *Mann* v. *Roberts,* supra, to be one of public policy, and necessary to bring litigation to an end. ˙In *Shelton* v. *Johnson,* 4 Sneed, 680, 70 Am. Dec., 265, it was thought the doctrine should be placed upon the ground of notice,

either actual or constructive, but it was also said that the rule is founded more upon the necessity for it to give effect to the proceedings of courts than upon any presumption of notice. All of the authorities agree that the rule is necessary, and that without it all suits for specific property might be rendered abortive by successive alienations of the property in suit. Authorities infra.

As shown heretofore by our cases, the condemnation proceedings is not a judgment, nor does it fix a lien, but it is intended merely to continue the lien fixed by the levy of the execution upon the land, which until condemnation is a secret one. Secret liens are not favored, and it was designed by the legislature, in passing our condemnation statutes, to preserve of record proceedings had before justices of the peace by which the lien of the levy of the execution was obtained. The date between final order of sale, the sale and the return thereof, and the execution of a deed by the sheriff, does not create a *hiatus* in the operation of the *lis pendens* of the condemnation proceeding. The *lis pendens* is operative for a reasonable time after sale until deed of the sheriff is obtained, and purchasers in good faith without notice are bound to take notice of the levy lien so recorded. But reasonable diligence is required of the purchaser at the execution sale in perfecting his title, which should be recorded. In *Mann* v. *Roberts,* supra, the opinion was expressed that the lien will not "perhaps" be impaired by ordinary negligence, and will only be lost by unusual and

unreasonable delay. In so far as this refers to delay which may be explained, we assent to it, but we think that ordinary negligence in procuring a sheriff's deed, unexplained, should defeat the title of the execution purchaser as against one who buys in good faith and without notice of the title claimed by the execution purchaser.

No positive rule can be laid down as to what constitutes such delay as will destroy the right to *lis pendens*, and the question must be determined upon the facts of each particular case. *Robinson* v. *Bierce,* 102 Tenn., 428, 52 S. W., 992, 47 L. R. A., 275, 17 R. C. L., 1038. The cases generally hold that the rule of *lis pendens* is a harsh and oppressive one when given operation against a *bona-fide* purchaser without notice. One relying upon the rule must understand that his claim is *strictissimi juris.* 25 Cyc., 1452, 17 R. C. L., 1038, 1039.

In the case under consideration the complainant waited for more that eight years before procuring a deed from the sheriff. Everything that was to be done in the condemnation proceedings, or in the suit before the justice, had been done, and more than likely the book containing the record of the condemnation had long since been retired in the clerk's office. While it is true under our cases that the defendant had constructive notice of the condemnation proceedings, the conduct of the complainant toward the lien procured by the levy of his execution was such as warranted the defendant in assuming in law that the complainant

had abandoned his lien, and did not intend to take a deed from the sheriff. This delay, unexplained as it is, is gross negligence upon the part of complainant, and amounts to an abandonment of his lien. This being so, the deed which he finally took from the sheriff could not be said to have relation to the lien because it was abandoned. It should be borne in mind that the lien was secret until condemnation proceedings were had, and it never conferred any title upon complainant, but merely gave him the right to proceed according to law, and ripen his lien into a title. In order to do this, so as to overreach the rights of subsequent purchasers without notice who have registered their deeds, the levy lienor must follow up his execution with reasonable diligence and ripen his lien into a title. The law gives a creditor such relief against his debtor, but it was not intended that such a proceeding could be suspended for an unreasonable length of time and then affect the rights of innocent third parties. Such we think is the holding of our cases as well as those of other jurisdictions.

The result is that the writ is granted, and the decree of the court of civil appeals is reversed, and that of the chancellor is affirmed.