GRANT BOND & MORTGAGE CO. v. OGLE et al.—65 S. W. (2d) 1091.

Eastern Section. February 25, 1933.

Rehearing denied March 27, 1933.

Petition for Certiorari denied by Supreme Court, June 24, 1933.

Poore, Testerman & Burnett, of Knoxville, for appellant.
B. C. Ogle, of Knoxville, for appellees.

CASSELL, Sp. J.  Bill filed in chancery court of Knox county on November 9, 1931, by Grand Bond & Mortgage Company, Complainants, v. Nellie A. Ogle and Husband, B. C. Ogle, reciting that on February 25, 1926, defendant Nellie A. Ogle and husband conveyed to complainant, Grant Bond & Mortgage Company, the following real estate in Knox county:

"Situated in the Third Ward of the City of Knoxville, Tenn., and in the First Civil District of Knox Co., Tenn., situated on the east side of Central Ave., and beginning in the east line of said Central Ave., at the Daniel Lyon's corner (said Lyon's corner now being owned by the City of Knoxville and being occupied by the City as a public play ground); running thence north 65¾ deg. east with the Lyon's lot 160 ft. more or less to the line of the W. S. Kennedy property (now Rambo); thence S 32¾ deg. east with the Kennedy line 64 ft. to a stake; thence south 65¾ deg. west 160 ft. more or less to Central Ave.; thence with Central Ave. in a northerly direction 64 ft. to the beginning."

The deed which is exhibited to the bill is a general warranty one, and contains covenants of seizin and warranty against all incumbrances except taxes for the year 1926, and in the deed exception is made of certain mortgages. already on the property.  The liens are not disputed, and will not hereafter be mentioned.

It is alleged that as a matter of fact the premises conveyed were not free from incumbrances, but that there were unpaid taxes in the following amounts:

| | |
|---|---|
| Municipal taxes for the year 1925 | $136.08 |
| State & County taxes for the year 1922 | 46.81 |
| State & County taxes for the year 1923 | 77.46 |
| State & County taxes for the year 1924 | 72.32 |
| State & County taxes for the year 1925 | 62.07 |
| Making a total of | $394.74 |

It is charged that the covenants against incumbrances were contained in the deed to the extent of the taxes above set out, but complainant states that he has paid all of the said taxes which amounted to $394.79, being the unpaid taxes prior to the year 1926, and that it is entitled to recover same from defendants, with interest from date of payment, March 28, 1929.

Complainant further charges that, upon ascertaining the amount of delinquent taxes, it called on the defendants to pay same, which they failed and refused to do, and complainant was forced to pay said taxes to protect the premises conveyed by said deed.

Bill prays for a judgment of $394.74, together with interest after date of payment.  To this bill the defendants filed a plea; this plea is copied in full, and it is as follows:

"The defendants, for plea to the bill filed against them in this

cause say that heretofore, and before the complainant filed this bill in this court, to-wit, on December 19, 1929, the complainant filed another bill in this court against these same defendants for the same matter and demand and to the same effect.and for like relief as the complainant does his present bill, demand and set forth; that is to say, that the complainant in the said former bill alleged the same facts as it alleges in the present bill, described the same property, claimed to have paid the same taxes as alleged in this bill and prayed for the same relief as asked for in the present bill, in fact, the bill filed in the present case is almost an identical copy in every respect as the bill filed on December 19, 1929, both in its allegations and prayer.''

These defendants were served with process in said former bill and filed an answer in substance as follows:

They denied the material allegations of the bill, and alleged that said payment, if made by the complainant, was a voluntary one; that the taxes were not a lien upon the property; that the same had not been assessed as required by law; and that said taxes had been paid, and for this and other reasons there was no obligation on the part of the defendants to answer to the complainant. Reference is made to said answer. Complainants further filed their answer in a nature of a cross-bill against W. P. Black and wife, Martha Black, in which they alleged that said W. P. Black and wife, Martha Black, were the owners of certain property at the corner of Ashland and Bently streets; and that in a decree passed in this court in the cause of W. P. Black against Nellie A. Ogle and others a lien was preserved by a decree in this court in favor of these defendants to save them harmless against any legal tax which they might be called upon to pay for said Black and wife on the property described in this bill; these defendants prayed that, in the event the court should find from the proof that these defendants were liable in any amount in favor of complainants for taxes on the property described in this bill, being the same property described in said previous bill, these defendants have judgment over against said Black and wife for said amount, and that the same be declared a lien against said Park City property as provided for in said court decree above mentioned. The said Martha Black and W. P. Black were served with process and furnished a copy of said cross-bill, and were required by said process to answer the allegations of the cross-bill, but failed to do so, and judgment pro confesso was entered against them.

The defendants further say that proof was taken in said cause, being the case heretofore filed by complainant on December 19, 1929, and the same came on for hearing before the Honorable Robert M. Jones, Chancellor of this court, when the complainant announced ready for the trial and the pleadings and proof were read and the case argued by counsel on September 4, 1930. The court took the

case under advisement, and on September 12, 1930, delivered an oral opinion, and two or more times in the course of his opinion stated that the complainant was not entitled to recover, and, just as the court was about to direct that the bill and cross-bill be dismissed, the complainant moved the court to be allowed to take a nonsuit, and the case was accordingly dismissed at the cost of the complainant. A copy of the decree is filed herewith as Exhibit A.

A short time thereafter, the complainant filed a petition to rehear, and in this petition set out briefly the allegations of the original bill and of the cross-bill, and stated as his grounds for a petition of rehearing the fact that it was mistaken as to the proof necessary to sustain this allegation. The last paragraph in said petition is as follows:

"Petitioner further respectfully shows to the court that it is perfectly willing to be burdened with the payment of all of the costs in this cause which have accrued to date, by reason of its omission in the premises, but petitioner respectfully insists that under the record as it stands that the cause should be remanded for the supplying of additional proof in the cause, or be dismissed without prejudice to the rights of this petitioner to file another suit."

The prayer of the petition is as follows:

"Petitioner therefore prays for a rehearing to the end that the cause may be remanded for the taking of further proof, or to the end that petitioner be permitted to dismiss, without prejudice, its original bill in this cause."

An order was entered in this court dismissing said petition to rehear as follows:

"This cause came on to be heard upon the petition of the Grant Bond & Mortgage Co. to rehear, and the whole record in the cause, including the brief filed by the petitioner, on consideration of all of which it is ordered and adjudged by the court that the prayer of the petition be disallowed.

"It is therefore ordered and decreed by the court that the decree heretofore entered in this cause dismissing the bill be approved and the petition to rehear be dismissed and that the complainants pay all the costs for which execution may issue."

The complainants prayed no appeal from said decree. Therefore these defendants pleaded said former suit, proceedings, and adjudication in bar of the present suit, and aver and say that said adjudication is and remains in full force and effect, and they pray the judgment of the court whether they shall be required to answer further and pray to be hence dismissed with their costs.

To this plea of former adjudication complainant filed a motion to dismiss and also a demurrer. The substance of the demurrer is as follows:

"The complainant, Grant Bond & Mortgage Co., demurs to the

plea filed herein to its original bill in this cause on the following grounds:

"The plea shows on its face that this complainant in another suit was allowed to take a non-suit and that there has been no final determination or adjudication of this cause on the facts.

"Wherefore, this complainant prays that said plea should be overruled and disallowed and that this demurrer thereto be sustained and that the defendants be required to answer."

The case came on to be heard on the demurrer and plea before the chancellor, and the following decree was entered in the case·

"Order

"This cause came on to be heard this day before the Honorable Robert M. Jones, Chancellor, upon the demurrer of the complainant filed to defendants' plea herein, which demurrer was treated by the court as setting down the said plea for argument, and the court having carefully considered the same and having heard argument of counsel, is of opinion that said demurrer is well taken.

"It is therefore accordingly ordered, adjudged and decreed by the court that the complainant's demurrer to the plea of the defendant herein be, and it hereby is, in all respects sustained.

"It is therefore ordered by the court that said plea be overruled and disallowed and that the defendants, Nellie A. Ogle and B. C. Ogle answer complainants' bill within 10 days.

"To all the foregoing action of the court the defendants except and pray an appeal to the next term of the Court of Appeals at Knoxville which, in the discretion of the chancellor is disallowed at this time, and to the action of the chancellor is denying an appeal defendants likewise except."

The demurrer of the plaintiff being sustained by the court as above shown, the defendants filed an answer which is herein set out in full:

"Answer

"It may be true that a deed was made by these defendants as alleged in the bill, but this was made for the purpose of carrying out a trade which complainants had made with W. P. Black and wife, by the terms of which complainants conveyed a large farm in Sevier Co. to Black and wife in exchange for the property described in the bill, and in addition thereto agreed to pay a certain mortgage which defendants held against said property. This property had been previously foreclosed by the defendants but only for the purpose of collecting their debt and all money paid by the complainants was applied as a credit on said indebtedness. So that the deed, so far as these defendants are concerned, was without consideration and therefore any warranty made therein by them would not be binding. A deed was made to complainant by said Black and wife to this property.

"They further say that the taxes sued on were not a lien on the

property described in the bill for the reason that the assessment records do not correctly designate and describe the property or any property, and said assessment fails in various other respects to comply with the law relative to assessment on the property so as to fix a lien upon them.

"They further say that said taxes, if an obligation of anyone, were an obligation of W. P. Black or Martha Black and that at the time of said alleged payment by complainant said Blacks owned other property, both real and personal, including the large farm conveyed to them by the complainants, subject to execution, and that said taxes could have been collected from said Black and that in fact said taxes had been paid.

"Defendants further state that said alleged taxes, even if otherwise valid are now and were at the time of said alleged payment by complainants barred by the statute of limitation of six years. (Code 1932, sec. 1494).

"They further state that the payments made by the complainants were voluntary; that if said taxes had in fact not been paid, and if they were an obligation on the part of anyone, they were an obligation of said Black and wife, all of which was known to the complainant at the time it accepted a deed to the property described in the bill. Defendants further state that about the time of the conveyance mentioned in the deed a suit was pending in the chancery court of Knox county, Tennessee, between W. P. Black and wife and these defendants, and that the solicitor who represented said Black and wife, in said suit also represented the complainant in making said conveyance, and that in said court a decree was rendered reserving and retaining to these defendants a lien on certain other property of the defendants, Black and wife, for the purpose of guaranteeing the payment of said taxes by Black and wife in the event it should be determined they were a lien on said property, and for protecting and saving these defendants harmless from said warranties in said deed. This was known to complainant and their action in paying said taxes has made it difficult, if not impossible, for these defendants to protect themselves and save them harmless against said tax payments. These defendants deny that they were ever called upon to pay said taxes and say that if·complainant expected to hold them on said warranties in said deed these defendants had a right to have the legality of said taxes first determined before payment was made.

"They further say that heretofore, on to-wit the ———— day of December, 1929, the complainant brought against these defendants in the chancery court of Knox county, Tennessee, a bill being cause No. 23786, on the rule docket of this court seeking to have a decree against these defendants for the same matters as alleged in the present suit. The allegations of the present bill and of the prayer are

almost identical with the allegations of the said previous bill. Issue was joined and proof taken and the cause heard by the chancellor and the case decided by him against the complainant whereupon the said complainants asked to be allowed to take a non-suit. Reference is made to said pleadings and decree in said court where material and made a part of this answer as fully and completely as though copied into it. After said decree the complainant herein filed a petition for rehearing and in the petition prayed 'for a rehearing to the end that the cause may be remanded for the taking of further proof, or to the end that petitioner be permitted to dismiss without prejudice its original bill in this cause.'

"Said petition to rehear is referred to and made a part of this answer where material as fully and completely as though copied into it. These defendants would show to the court that both the complainant and the defendants at the time the decree was entered dismissing the suit and at the time complainant filed its petition for rehearing, and at the time the order was entered dismissing said petition to rehear, understood and believed that said case had been dismissed upon its merits so that the complainant would be cut off from its right to bring another suit as is evidenced by the allegations of said petition and prayer. If these defendants had understood that the complainant was making any claim of a right preserved to it by said previous decree to again file a claim against them they would have appealed from said order dismissing said suit. They understood then, and insist now, that said order was a final adjudication of matters in litigation and binding upon complainant and that the complainant now has no right to maintain this suit as a matter of law. These defendants further state that if, as a matter of law, said decree was not final and binding that the parties all understood it to be so and that the complainant is now estopped by reasons of the allegations of their petition to rehear to maintain this action.

"All allegations of the bill affecting adversely the rights of these defendants are generally denied and denied as fully as though specifically denied and strict proof is hereby demanded of every allegation. And now having answered, they pray to be dismissed."

Proof was taken by complainant in the case, and the fact of the payment of taxes was shown and the date of payment shown, original tax receipts filed corresponding with the allegations of the bill. Notice to the defendant Ogle that taxes were delinquent and a request for payment was made, but defendants did not pay taxes, and, as before set out, the complainant paid same.

In taking of proof, objections were made to certain evidence, but the objections were not passed on by the chancellor, hence we give them no attention. A stipulation as to certain facts is set out in the record showing the existence of mortgages against the property as

referred to in the bill. The case was heard by the chancellor and the following decision entered:

## "Final Decree

"This cause came on to be heard upon the pleadings, proof, stipulations, and by agreement of counsel representing both parties, the record in the prior suit between the parties was treated as part of this record, from all of which the court is of opinion that the complainant is not entitled to the redress sought. It is therefore ordered, adjudged and decreed that complainant's bill be dismissed, and that defendants have and recover of complainant, and Poore, Testerman & Burnett, sureties on its prosecution bond all the costs of the cause for which execution may issue.

"To the action of the court in dismissing the bill complainant excepts, and prays an appeal to the next term of the Court of Civil Appeals at Knoxville, which is allowed upon complainant filing an appeal bond and upon its application 30 days' time is allowed within which to perfect its appeal. If the case is appealed the exhibits filed herein will be sent up by the clerk in their original form."

From the decree an appeal was taken by the Grant Bond & Mortgage Company, and errors have been assigned which, in substance, are as follows:

(1) The chancellor erred in holding that complainant was not entitled .to redress sought, and bill was dismissed where he should have entered judgment upon the same for taxes paid with interest.

(2) The chancellor erred in not holding that defendant had breached the warranty in failing to pay the taxes for the years sued on in the bill.

Considering the assignments of error, it must be noted that complainant took the testimony of two witnesses to sustain the allegations of the bill. The defendants introduced no evidence. The complainant proved the purchase of the property in question from the defendants, and introduced in evidence a general warranty deed for the same. After the property was purchased, Mr. Grant, president of the complainant company, learned about the unpaid taxes, and notified defendant of the fact, and, when defendant did not pay same, complainant paid the taxes and filed the original tax receipts. It was further shown that taxes paid by complainant were not repaid to it, and Grant testified that his company relied on the general warranty provided in the deed against incumbrances.

Complainant also took the testimony of E. F. Smith, an attorney of Morristown, who stated that, as attorney for the Grant Bond & Mortgage Company, in the latter part of 1928 or 1929, he took up with the defendants Ogle the question of these unpaid taxes, and stated that he called to see Ogle about these taxes. Ogle did not pay the taxes, and upon an investigation of the records, and upon satisfying himself that the taxes were delinquent, Attorney Smith

paid same and filed five tax receipts as exhibits. The checks of the Grant Bond & Mortgage Company, paying said taxes, are likewise filed. Attorney Smith further states that he satisfied himself as an attorney before paying the taxes that the assessments were on the property embraced in the deed, and that he went to the tax rolls in Knox county and examined the records and ascertained that the property had been properly assessed.

As before stated, a large portion of the evidence of Smith and Grant was objected to, but the action of the trial court on said objections is not shown, and, of course, under our familiar rules of procedure, the evidence is properly in the record.

Considering both assignments of error together, we think that the chancellor erred in holding that complainant was not entitled to the relief sought and in dismissing complainant's bill. The defendants set up a number of reasons for sustaining the chancellor's decree, and we will consider them separately. In the first place, it is stated that these taxes should not be paid because the property was improperly assessed. This point is not well taken, since no proof was offered to sustain this contention, and the testimony of Attorney Smith shows that he investigated the records and that they show a proper assessment; again, the presumption of law is in favor of a valid assessment by a sworn officer. In the case of Dunlap v. Sawvel, 142 Tenn., 707, 223 S. W., 142, 145, the writer in his opinion declared that: "It is a well-established law in Tennessee that every sworn officer does his duty, and in the absence of proof of the contrary this presumption will prevail." This principle of law as laid down has been reaffirmed in the case of Lummus Cotton Gin Co. v. Arnold, 151 Tenn., 541, 269 S. W., 706. The tax receipts as well as the evidence of E. F. Smith establish the correctness of the assessment.

A second reason set up in the defense is that the taxes were barred by the statute of limitations. This is likewise overruled, for the reason that the taxes were paid March 28, 1929, and the taxes for the year 1922 (oldest taxes paid) were not delinquent until March 1, 1929, and suit had been filed to collect same before time had expired. Some of these taxes may have been due, but they were not barred, for the statute of limitations runs from the time they became delinquent.

Thirdly, it is alleged that taxes have been paid, but this allegation is not sustained by the proof. It is likewise alleged that the property upon which the taxes were paid is not the property described in the deed, but we believe that the proof shows that the property is the same, and, if it is not, defendant should have introduced proof to this effect. The tax receipts show that the property is in the city of Knoxville and is so located as to identify it substantially with the description in the deed, especially where the evidence of the two witnesses for complainant is taken into consideration.

It is alleged as a further reason for sustaining the chancellor's

decree that the complainant had once before brought suit in the chancery court of Knox county, and the very question had been adjudicated, but it appears that plaintiff took a nonsuit, and we believe that former case did not reach a decision of the matter upon its merits, and therefore a plea of res adjudicata is not well taken under our authorities.

The contention of the defendant to the effect that there was no breach of the covenants of warranty or seizin in the deed made to the complainant by the defendant Ogle is not correct. The deed contains a covenant of seizin; and, referring to the case of Young v. Brannan, 5 Tenn. App., 1, we find the following principle of law laid down:

"A covenant of seisin is an assurance to the vendee that the vendor has the very estate, in quantity and quality which he purports to convey. It is a personal covenant in praesenti, and, if not true, is breached the instant it is made, and an immediate right of action accrues to the vendee for its breach without and before eviction." This quotation is taken almost verbatim from the case of Curtis v. Brannon, 98 Tenn., 153, 38 S. W., 1073, 69 L. R. A., 760, and has long been the law in Tennessee. If the contentions of the defendant as to the facts raised in the brief filed by them are true, then as a matter of fact they should have sustained these facts by evidence, but, this was not done as the defendant introduced no evidence whatever.

Right and justice demands that the covenants of warranty against incumbrances and covenants of seizin expressed in the deed of conveyance by the defendants to complainant should be made good, and it would virtually be a denial of justice for this court to hold that, after having ascertained that these taxes were incumbrances upon the property, and after having paid said taxes, the complainant should not be reimbursed and the vendor held to the covenants made in the deed. We believe in a matter of this kind that a question of right and justice must receive proper consideration, and to sustain the findings of the chancellor would mean practically a denial of this justice to the complainant. We are of the opinion that the decree of the chancellor is erroneous, and that the assignments of the appellant, complainant below, must be sustained and the chancellor reversed, and a decree will be entered here for the amount of taxes paid, to-wit, $394.74, and interest from date of payment, March 29, 1929, with costs of the cause in both the lower and this court.

Portrum and Thompson, JJ., concur.