WILLIAMS et al. v. WILLIAMS et al.—156 S. W. (2d), 363.

Middle Section. June 21, 1941.

Petition for Certiorari denied by Supreme Court, December 6, 1941.

Ward R. Case and Robert F. Turner, both of Jamestown, for appellants Louis Williams and others.

George C. Bertram, of Byrdstown, for appellee W. M. Beaty.

Ben E. Groce, of Byrdstown, for appellee Estell Williams.

J. Q. McDonald, of Livingston, for appellee Nashville Trust Co.

CROWNOVER, P. J. In the original bill in this cause the complainants asked for partition of a farm of about 200 acres, of the value of about $3,000, among eight claimants, or, in the alternative, for a sale for division of the proceeds. The answers raised questions of conflicting titles.

W. F. Williams died testate, in Pickett County, on August 8, 1918, leaving surviving him his widow, Mrs. Martha H. Williams, and six children. By his will all of his property was bequeathed and devised to his wife and her children. His devisees were: Mrs. Martha H. Williams, Myrtie Williams, Hatcher Williams, Bettie Whittenburg, Oscar Williams, Louis Williams, and Montie Williams—each being devised a 1/7 interest in said estate.

Hatcher Williams died some time later, leaving surviving him his three children: Blanche Williams, Finley Williams, and Marie Williams Wright. Each was therefore entitled to a 1/21 interest in said property.

It appears that the courthouse at Byrdstown and contents were destroyed by fire in 1934, but the lost record of this will has been restored.

The bill in this cause was filed in 1939.

The complainants in this cause—Blanche Williams, Finley Williams, Estell Williams, and W. M. Beaty—alleged in the original bill that several interests in said property have been conveyed since the death of W. F. Williams: (1) That W. M. Beaty had become the owner of a 2/7 interest in the following manner: Louis Williams,

the owner of a 1/7 interest, purchased the 1/7 interest of his sister, Bettie Whittenburg. He executed a deed of trust conveying a "one-third" interest to secure a loan from W. M. Beaty. The trust deed was foreclosed, and Beaty became the purchaser of the interest owned by Louis Williams, and the County Court Clerk executed to him a deed which was recorded. Beaty asked in the bill that if it be discovered that Louis Williams also owned a 1/21 interest he be decreed to be the owner of it. (It appears that Louis Williams has purchased the 1/21 interest of Marie Williams Wright.) (2) That Estell Williams purchased the 1/7 interest of Mrs. Martha H. Williams at an execution sale, and the sheriff executed to him a deed, which was recorded. (3) That Dr. W. D. Haggard purchased the 1/7 interest of Myrtie Williams under an execution sale, but no deed was on record when the bill was filed.

The widow, Mrs. Martha H. Williams, answered and attempted to attack the restored will, alleging that the original will devised to her a life estate in all the property with remainder to her six children. She alleged that she was entitled to dissent from the will. However, Mrs. Williams died while this suit was pending, and these contentions seem to have been abandoned.

Mrs. Williams in her answer denied that the interests in the property were as alleged in the bill, and denied that her interest had been sold under execution to Estell Williams or was subject to be sold.

Dr. W. D. Haggard answered and alleged that he was the owner of the 1/7 interest devised to Myrtie Williams. Dr. Haggard died while the suit was pending and the cause was revived in the names of his heirs and devisees, two of whom were minors, for whom a guardian ad litem was appointed who answered for them. The Nashville Trust Company, executor of his estate, answered.

Judgments pro confesso were taken against Estell Williams, Myrtie Williams, Bettie Whittenburg and Oscar Williams; and these pro confesso judgments were never set aside. However, Myrtie Williams, Bettie Whittenburg, Oscar Williams and Montie Meek afterward answered and denied the ownership of some of the parties as alleged in the original bill.

It appears that the widow, Mrs. Martha H. Williams, and Louis Williams have lived on the land since the death of W. F. Williams in 1918. It is not shown who has been occupying it since her death in 1940.

The chancellor referred the cause to the clerk and master to take proof and report, (1) a correct description of the land, (2) the interests of the parties in the land, (3) all incumbrances including taxes, (4) whether said land was susceptible of advantageous partition in kind, and (5) if it should be sold, the terms, etc., of the sale.

The clerk and master reported, giving a description of the land, and finding the interests of the parties as follows:

(1) W. M. Beaty 2/7, being the 1/7 devised to Louis Williams and the 1/7 acquired by Louis Williams by purchase from Bettie Whittenburg, and both interests acquired by said W. M. Beaty by purchase under a sale by virtue of a deed of trust; (2) Estéll Williams 1/7, being the 1/7 of the widow Mrs. Martha H. Williams, and acquired by him by purchase at a sheriff's sale; (3) the heirs and devisees of Dr. W. D. Haggard 1/7 being the interest of Myrtie Williams and acquired at a sheriff's sale; (4) Montie Meek 1/7 devised to her by the will; (5) Oscar Williams 1/7 devised to him by the will; (6) Finley Williams and Blanche Williams each 1/21 acquired through their father Hatcher Williams to whom was devised a 1/7 interest; (7) Louis Williams 1/21 acquired by him by purchase from Marie Williams Wright, one of the heirs of Hatcher Williams.

He reported that the delinquent taxes amounted to $826.18, and that the land was not susceptible of partition and that it should be sold, being first offered in three tracts and then as a whole.

The chancellor overruled the exceptions of the defendants and confirmed the report of the clerk and master, and decree was entered accordingly.

The defendants excepted to the decree and prayed an appeal, but only the defendants Louis Williams, Myrtie Williams and Montie Meek perfected their appeals. These defendants, Bettie Whittenburg, and Oscar Williams have assigned errors, which are, in substance, as follows:

(1) The chancellor erred in decreeing that W. M. Beaty had established title to a 2/7 interest.

(2) The chancellor erred in decreeing that Estell Williams had established title to a 1/7 interest.

(3) The chancellor erred in decreeing that the heirs and devisees of Dr. W. D. Haggard had established title to a 1/7 interest.

(4) The chancellor erred in confirming the report of the clerk and master as to the delinquent taxes on the property.

(5) The chancellor erred in confirming the master's report which recommended that the land be divided into three tracts and offered at the sale, first in three separate tracts, and then as a whole, and the sale confirmed that brought the highest price.

 The original bill is a partition suit, but the titles of some of the parties were disputed by the answers. If any of the defendants in a partition suit dispute the complainant's right to a partition, the complainant must make such proof as would entitle him to a recovery in ejectment. Gibson's Suits in Chancery (4 Ed.), secs. 1058, 1061; Code, sec. 9180. And partition cannot be had while the title is in dispute, either in kind or by sale. Campbell v. Lewisburg & N. R. R. Co., 160 Tenn., 477, 26 S. W. (2d), 141.

The original records of the proceedings by which Estell Williams and Dr. W. D. Haggard became the purchasers each of a 1/7 interest

at a sheriff's sale were destroyed when the courthouse was burned, after these sales. Estell Williams and the heirs and devisees of Dr. Haggard rely on sheriffs' deeds and, Beaty relies on a (trustee's) clerk's deed. They contend that said deeds are prima facie evidence of the facts recited therein. Code, secs. 8915, 9745.

I. The first assignment, that the chancellor erred in holding that W. M. Beaty has established title to a 2/7 interest, must be overruled.

Beaty undertook to establish title by introducing a deed executed by the County Court Clerk under authority of the deed of trust executed by Louis Williams.

(1 and 2) the defendants contend that this deed executed by the County Court Clerk was not executed by him in his official capacity as clerk, therefore it is not prima facie evidence of the facts in such instruction recited.

It is true the deed was not executed by the clerk in his official capacity, but the deed of trust executed by Louis Williams provided that "the person holding the office of County Court Clerk for said County shall have the authority to convey the property to the purchaser." And Code, sec. 9745, provides, "All instruments of conveyance executed in official capacity by any public officer of this state or by any person occupying a position of trust or acting in a fiduciary relation shall be admitted, held, and construed by the courts as prima facie evidence of the facts in such instruments recited, in so far as such facts relate to the execution of the power of such office or trust." Under this statute a trustee's deed is prima facie evidence of its recitals. Harrison v. Beaty, 24 Tenn. App., 13, 137 S. W. (2d), 946, 951; Camp v. Riddle, 128 Tenn., 294, 160 S. W., 844, Ann. Cas. 1915C, 145; Richardson v. Schwoon, 3 Tenn. App., 512; King v. Richardson, 7 Tenn. App., 535, 534.

"A clerk and master's deed of conveyance of land, even where made before the enactment of the statute, may, by proper recitals, show prima facie authority in said clerk to make the deed, and when such authority appears, any one questioning such authority is required to file a certified copy of the record, in order to overturn the prima facie case made by the deed. Hill v. Moore, 121 Tenn., 182, 113 S. W., 788; Camp v. Riddle, 128 Tenn., 294, 160 S. W., 844, Ann. Cas., 1915C, 145." 6 Williams' Code, note under section 9746.

(3) It is insisted that Beaty has no title to the Bettie Whittenburg interest.

Louis Williams admitted in his answer that he had purchased a 1/7 interest from Bettie Whittenburg and mortgaged it and his own 1/7 interest to Beaty, but he denied that the Beaty foreclosure was valid for many reasons, which we will hereinafter discuss.

It is further insisted that Beaty acquired no title to the Bettie Whittenburg interest because the deed from her to Louis Williams was not filed in evidence.

This was not necessary, as the clerk's deed recited such facts.

A deed, reciting that the decedent left a will which authorized his executor to sell his interest in the land, and that the executor had sold such interest to certain named persons, to whom the said clerk and master's deed purported to convey the legal title, was prima facie evidence of the facts recited. Camp v. Riddle, 128 Tenn., 294, 160 S. W., 844, Ann. Cas., 1915C, 145.

The clerk's deed recites that he was the owner of a 1/3 -interest, and that he mortgaged the same to Beaty, which mortgage was foreclosed and Beaty became the purchaser. These recitals are prima facie evidence of the facts.

Louis Williams and Bettie Whittenburg admitted in their brief supporting their assignments of errors in this court that Louis Williams had purchased her interest, which he had mortgaged to Beaty; hence we think there is nothing in his contention that Beaty's title is not valid because not supported by the deed from Bettie Whittenburg to Louis Williams and by the deed of trust from Louis Williams to Beaty.

(4) The defendants further contend that the land was not advertised as required by law or by the deed of trust.

The deed recites that it was advertised according to the terms of said trust deed. And this recital is prima facie true. Camp v. Riddle, supra.

A failure to comply with Code, secs. 7793-7799, does not render a sale void. Code, sec. 7800; Doty v. Federal Land Bank, 169 Tenn., 496, 89 S. W. (2d) 337, 90 S. W. (2d) 527.

(5) It is contended that the deed is not supported by any valid consideration.

The deed recites that Beaty made a loan to Louis Williams of $450; that it was not paid; that the deed of trust was foreclosed and Beaty bid $659, which was the best bid. This was prima facie evidence and there is no evidence to the contrary (Camp v. Riddle, supra), and the burden is on the defendants to show that there was no consideration (Camp v. Riddle, supra).

(6) It is contended that the description of the land in said deed is so vague, indefinite, and uncertain that it cannot be applied to the land in question.

The land was described by giving the names of the owners of the adjacent tracts. This was sufficient, as no evidence was introduced to show that the description was not correct.

It appears that Louis Williams mortgaged a 1/3 interest in the land to W. M. Beaty, and upon foreclosure the County Court Clerk executed to him a deed for a 1/3 interest. It further appears that Louis Williams owned a 2/7 interest and later purchased a 1/21 interest from Marie Williams Wright, therefore W. M. Beaty now owns a 1/3 interest in the farm, and Louis Williams does not own any interest.

■ II. The second assignment of error, to the effect that the court erred in decreeing that Estell Williams had established title to a 1/7 interest in this property, must be overruled.

Estell Williams, to establish his title, introduced a sheriff's deed conveying to him the 1/7 interest of Mrs. Martha H. Williams.

In the same deed the sheriff undertook to convey to him a 2/7 interest of Louis Williams, but it appears that Estell Williams claims no title to that interest.

■ (1) The defendants contend that this deed is invalid because it does not show that a judgment was obtained against Mrs. M. H. Williams.

■ The execution shows that judgment was rendered against "Louis Williams et al." for $170 and costs; that the constable levied on Mrs. M. H. Williams' 1/7 interest, which was condemned and sold, and purchased by Estell Williams. The evidence introduced showed that judgment was rendered against Louis Williams and Mrs. W. H. Williams. Where the words "et al." are used they include all defendants. 33 C. J., 1197, 1198, sec. 121; Renkert v. Elliott, 79 Tenn. (11 Lea), 235, 242.

The original papers were destroyed when the court house was burned, but it was proved that the judgment was against Louis Williams and Mrs. M. H. Williams.

■ Parol evidence is admissible to show the issues and pleadings before a justice of the peace. Borches & Co. v. Arbuckle Bros., 111 Tenn., 498, 509, 510, 78 S. W., 266.

■ Parol evidence is admissible to set up lost or destroyed papers which includes the pleadings and judgment. Dunlap v. Sawvel, 142 Tenn., 696, 223 S. W., 142; Lane v. Jones, 42 Tenn. (2 Cold.), 318.

■ (2) It is insisted that the sale is void for the reason that there was a joint levy and joint sale for one consideration, citing Ballard v. Scruggs, 90 Tenn., 585, 18 S. W., 259, 25 Am. St. Rep., 703, and Cooke v. Walters, 70 Tenn. (2 Lea), 116.

But the deed shows on its face that the levy and sale of Louis Williams' interest was void because he only owned an equitable interest which was not subject to levy and sale. Pratt v. Phillips, 33 Tenn. (1 Sneed), 543, 547, 60 Am. Dec., 162. A void levy is the same as no levy at all, hence there was only one valid levy.

■ The fact that Estell Williams paid $170 and obtained only a 1/7 interest, does not affect the sale.

■ He obtained title to that 1/7 interest. If the purchaser obtains title to any interest in the land it is valid as to him, in the absence of fraud. Gonce v. McCoy, 101 Tenn., 587, 49 S. W., 754, 70 Am. St. Rep., 714. Hence there is nothing in this contention.

(3) The defendants complain that the land was not advertised a sufficient length of time.

■ There is nothing in this contention, as the deed recites that

the sale was advertised according to law and thirty days' written notice of the time and place of the sale was given to the tenants in possession.

Recitals in a sheriff's deed of land sold by him that he "legally advertised and made known" the time and place of sale is prima facie evidence of the advertising, etc. Rogers v. Jennings' Lessee, 11 Tenn. (3 Yerg.), 308; Loyd v. Anglin's Lessee, 15 Tenn. (7 Yerg.), 428; Simmons v. McKissick, 25 Tenn. (6 Humph.), 259; Childress v. Harrison, 60 Tenn. (1 Baxt.), 410; Downing v. Stephens, 60 Tenn. (1 Baxt.), 454; Hutton v. Campbell, 78 Tenn. (10 Lea), 170; Burnett v. Austin, 78 Tenn. (10 Lea), 564; York & Robinson v. Byars, 131 Tenn., 38, 173 S. W., 435.

(4) The defendants complain that the deed fails to show that diligent search was made for personal property of the defendants and none found.

There is nothing in this contention as the deed recites that the constable levied the execution on this interest as he did not find any personal property out of which he could collect the judgment. The officer is presumed to have done his duty. Siler v. Siler, 152 Tenn., 379, 277 S. W., 886.

(5) The defendants complain that the sheriff's deed was not supported by the record of the judgment and condemnation, etc.

There is nothing in this contention as the deed recites that a judgment was obtained, execution was issued and levied upon the interests of the defendants, and condemnation had, and that the sale was had after advertising according to law upon the venditioni exponas, which interest was purchased by Estell Williams. This was sufficient.

III. The third assignment of error, that the chancellor erred in holding that the heirs and devisees of Dr. W. D. Haggard has established title to a 1/7 interest in the property, must be overruled.

At the outset a pro confesso was taken against the defendant Myrtie Williams, but it seems that she ignored the pro confesso and filed an answer without having the pro confesso set aside. Under such circumstances the defendant is in contempt and has no right to be heard as to any matter arising out of the allegations of the bill. She can, ordinarily, be heard for one purpose only and that is on a motion to have the pro confesso and proceedings based thereon set aside. Gibson's Suits in Chancery (4 Ed.), sec. 206; 21 C. J., 791-795, sec. 944.

"After a bill has been taken as confessed the mere filing of an answer without consent or leave of court does not operate to set the default aside, unless, of course, this result is brought about by operation of statute or court rule." 21 C. J., 795, sec. 946.

This is conclusive of her contentions, but as the case may be carried to the Supreme Court we will proceed to dispose of each contention separately.

(1) There is nothing in the contention that the deed could not be read in evidence because it was executed after this suit was instituted. It was duly recorded and was therefore admissible.

One may maintain ejectment on an unregistered deed, but if not registered it must be proven. Shannon's Code, sec. 3671, notes 6 and 7; Shannon's Code, sec. 3749 and notes; 6 Michie's Tennessee Digest (2 Ed.), 177, 178, sec. 7.

The purchaser at execution sale of land held by an unregistered deed may in ejectment for its recovery, read in evidence a deed made after the commencement of the suit, confirming the unregistered deed. Simmons v. McKissick, 25 Tenn. (6 Humph.), 259; Hale v. Darter, 29 Tenn. (10 Humph.), 92; Ward v. Daniel, 29 Tenn. (10 Humph.), 603, 607.

(2) It is insisted that Dr. Haggard did not have the legal title to this interest when this suit was instituted, as he had no sheriff's deed, and that having purchased at execution sale (without deed) he only had an equitable title, which is not sufficient to maintain this suit, and that his obtaining a sheriff's deed after the suit was instituted did not perfect his title, as the sheriff's deed was executed nine years after the sale, and he therefore was presumed to have abandoned the lien of his execution.

A sheriff's deed is necessary to vest the legal title in a purchaser at an execution sale. Shannon's Code, sec. 4785a-1, note 6; Crutsinger v. Catron, 29 Tenn. (10 Humph.), 24; Morgan v. Hannah, 30 Tenn. (11 Humph.), 122; Edwards v. Miller, 51 Tenn. (4 Heisk.), 314. And a sheriff's sale without deed only conveys an equitable title, which will not support ejectment. Edwards v. Miller, supra.

But, in this case, a sheriff's deed was executed and registered before the hearing.

Any sheriff may execute a deed for lands sold by a former sheriff, which deed shall be valid, as if executed by such former officer; and such deed shall be prima facie evidence of the recitals therein. Code, sec. 8915.

It is insisted that his delay of nine years was gross negligence, amounting to an abandonment of his lien, citing Hammock v. Qualls, 139 Tenn., 388, 201 S. W., 517.

We do not think this contention is well made as it was raised for the first time on appeal.

It was alleged in the original bill that Dr. Haggard had obtained judgment against Myrtie Williams, upon which judgment an execution was issued and levied upon her interest in this property, and that the same was condemned and sold and purchased by Dr. W. D. Haggard, but no sheriff's deed appeared of record.

If we could look to the defendant Myrtie Williams' answer, we would find that it stated that this paragraph of the bill was neither admitted nor denied, but the question was to be submitted to the court under the proof that might be offered.

Waiver and abandonment of the lien was not pleaded.

It is necessary to plead waiver and abandonment, especially if the waiver in question arises by reason of an estoppel. 67 C. J., 308, sec. 9; Hill v. Unity Oil Co., 220 Ky., 800, 295 S. W., 1040; Evans v. Evans (Tex. Civ. App.), 50 S. W. (2d), 842; Harrington v. Feddersen, 208 Iowa, 564, 226 N. W., 110, 113, 66 A. L. R., 59.

It will be observed that no rights of any of the parties, including the defendant Myrtie Williams, have arisen or accrued between the date of the sheriff's sale and execution of the sheriff's deed to Dr. Haggard after this suit was instituted.

It was held under like circumstances, in the case of Reeve v. North Carolina Land & Timber Co., 6 Cir., 141 F., 821, 834, that a sheriff's deed obtained thirty-three years after the execution sale of the land was valid. Judge Lurton, speaking for the court said: "The Tennessee Code (Shannon's Code, sec. 4783), authorizes the sheriff who makes such sale to make deed to the purchaser or any one succeeding to the rights of such purchaser 'at any time, either within or after the expiration of the two years allowed for redemption.' Section 4785 of same Code provides that any sheriff in office may execute deeds for lands sold by former sheriff, and that such deed 'shall be valid as if executed by such former officer.' The statute prescribes no time within which a deed may be made by the successor of a sheriff or other officer who made a sale, and we see no reason for denying the power in this case. Sheafer v. Mitchell, 109 Tenn. [181], 203, 71 S. W., 86."

We think this law is especially applicable to this case, as the parties did not plead abandonment or raise such question until after the appeal, and no new rights of the defendants have arisen since the execution sale; hence we think this case and the Reeve case are distinguishable from the Hammock v. Qualls case.

(3) The defendants contend that the venditioni exponas was issued in March, 1931, which was more than a year after the order of condemnation and sale in February, 1930, therefore the sale was void, as the lien had expired, cited Code, sec. 8045; Fidelity & Deposit Co. v. Fulcher Brick Co., 161 Tenn., 298, 30 S. W. (2d), 253; Hammock v. Qualls, 139 Tenn., 388, 201 S. W., 517.

The certified copy of this deed shows that judgment was obtained by Dr. W. D. Haggard against Myrtie Williams et al., on November 11, 1930; that execution was issued on November 15, 1930; and levy by the sheriff and return made on November 15, 1930. The deed then recites that order of condemnation and sale was made in February, 1930, venditioni exponas issued in March, 1931, and the property sold in April, 1931. We are of the opinion that the date in the deed of the order of condemnation and sale, "February, 1930," is a typographical error, that it should have been "February, 1931," therefore the lien had not expired.

(4) The defendants further contend that the deed shows that the land was not properly advertised for sale and that the sale was made to the highest and best bidder.

The deed recites that the property was sold at public auction at the court house door after advertising according to law and after giving the tenants in possession thirty days' written notice of the time and place of sale the property was sold at public outcry and struck off and sold to Dr. Haggard. This was sufficient. See authorities hereinabove cited and Sipes v. Sanders, 162 Tenn., 593, 39 S. W. (2d), 739.

(5) The deed recites that the defendant had no personal property that the officer could find in Pickett County and he therefore levied the execution on the undivided interest in the land, which was sufficient.

(6) There is nothing in the contention that the record does not show that the condemnation was had at a regular term of the Circuit Court. The deed recited that after the levy the papers were returned to the Circuit Court for condemnation and sale and said order and condemnation of sale of said property was duly made in said Circuit Court, etc., and venditioni exponas was duly issued from said Circuit Court. This was sufficient, as the recitals are prima facie evidence of the facts.

(7) There is nothing in the contention that the description of the land in said deed is so vague, indefinite and uncertain that it cannot be applied to the tract of land in controversy. The deed states the names of the owners of lands adjoining this tract and states that it contains 257 acres, more or less. There is no evidence that these people did not own the lands adjoining this tract, as stated in the deed, hence there is nothing in this contention.

(8) As stated above, it is not necessary that the sheriff's deed be supported by the record of the judgment and condemnation, as the recitals of these facts in the sheriff's deed are sufficient. Siler v. Siler, 152 Tenn., 379, 277 S. W., 886.

IV. (1) The defendants' contention that the decree fixing the amount of the delinquent taxes on the property must be modified, as the taxes for the years 1929 to 1934 are barred by the Statute of Limitations, is well made. The taxes for those years may be barred by the Statute of Limitations. Code, sec. 1494; Anderson v. Security Mills, 175 Tenn., 197, 133 S. W. (2d), 478.

(2) It is contended that these taxes should not be paid because it is not shown that the property was properly assessed. No evidence was offered to show that the property was not properly and legally assessed, and the presumption of law is that the tax assessor did his duty, and in the absence of evidence to the contrary this presumption will prevail. Grant Bond & Mortgage Co. v. Ogle, 17 Tenn. App., 112, 65 S. W. (2d), 1091; Dunlap v. Sawvel, 142 Tenn.,

696, 707, 223 S. W., 142; Lummus Cotton Gin Co. v. Arnold, 151 Tenn., 540, 558, 269 S. W., 706.

But, as it appears that the Statute of Limitations has barred a part of these taxes, we have decided to sustain this assignment of error and let the matter of taxes be re-referred to the master to take proof and report the amount of the valid taxes against the property, and all the interested parties are given a right to set up any valid defences available.

V. The defendants assign as error the clerk and master's recommendation that the land be divided into three tracts and offered for sale and then offered as a whole and the best bid accepted.

We see no error in this. The master merely recommended this plan. It is the duty of the defendants whose land is to be sold to furnish a plan of the division of the land, otherwise it will be sold without division. Code, sec. 7802; Doty v. Federal Land Bank, 169 Tenn., 496, 89 S. W. (2d), 337, 90 S. W. (2d), 527. This course will be followed in the sale of the property on remand.

It results that the assignments of errors, with the exception of assignment No. 4, are overruled, and the decree of the chancellor as modified will be affirmed. The costs of the appeal are decreed against the appellants and the sureties on their appeal bond.

The adjudication of the costs that have accrued in the lower court and any costs that may accrue in the future will await the final determination of the case.

The cause will be remanded to the Chancery Court of Pickett County for a sale of the property and for a reference as to taxes and for such other orders and decrees in accordance with this opinion as may be necessary.

Felts and Howell, JJ., concur.